## SAUNDERS *vs.* ALBRITTON.

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW.]

1. *Equitable relief against judgment at law.*—A court of equity will not enjoin a judgment at law, rendered by a court which had jurisdiction of the case and the parties, on account of mere errors or irregularities in the proceedings, when the complainant does not impeach the existence or validity of the debt on which the judgment is founded.

APPEAL from the Chancery Court of Pike.
Heard before the Hon. N. W. COCKE.

THE bill in this case was filed by Ephraim Saunders, against Joseph E. Albritton, to enjoin a judgment at law which said Albritton had recovered against him in the circuit court of Coffee. The action at law, in which the judgment was rendered, originated in a justice's court, where two suits were instituted by said Albritton, against Saunders and one Striplin, founded on two promissory notes. The justice having rendered judgments against the defendants on the 14th April, 1855, Saunders removed the cases, by *certiorari*, into the circuit court ; alleging, in his petition, that he signed the notes as the surety of Striplin, that he had no notice of the pendency of the suits, and that he was a resident of Dale county at the time the

suits were instituted. The two cases were consolidated in the circuit court, but without any order of the court, so far as the record discloses; and a judgment was there rendered, against Saunders and the sureties on his *certiorari* bond, at the spring term, 1859. The complainant asked relief against this judgment, on the following grounds: that he was a resident citizen of Dale county at the time the suits were instituted against him in the justice's courts, and, therefore, was not liable to be sued in Coffee county; that he had no notice of the pendency of the suits, until after the rendition of the judgments by the justice; that the causes were discontinued after their removal to the circuit court, and were consolidated without an order of court; and that divers other errors and irregularities intervened in the proceedings. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

CUNNINGHAM & RUFFIN, for appellant.
J. E. FLOURNOY, *contra*.

R. W. WALKER, J.—It is plain that, on the facts proved, the complainant would not have been entitled to an injunction, even if the allegations of the bill had been in conformity with them. On the return of the *certiorari* to the circuit court, that court had jurisdiction of the case and the parties. It may be, that its subsequent proceedings were marked by gross irregularities; but mere irregularities, no matter how glaring, do not furnish, of themselves, a sufficient ground for a resort to chancery. It is not shown that the complainant did not execute the notes, on which the judgment was rendered. On the contrary, his petition for a *certiorari* alleges, that he was a surety on said notes. There is no evidence tending, in the slightest degree, to impeach the validity, or the consideration of these notes; so that the existence and *bona fides* of the debt, for which the judgment was rendered, stand unassailed. Under these circumstances, whatever errors may

have been committed in consolidating the cases without an order, or in the judgment by default, or in any of the other proceedings in the circuit court; and whatever remedy the complainant may have, either by direct application to the circuit court, or by an appeal from its judgment to this court, it is obvious that he has failed to show any right to an injunction.—See *Lucas v. Bank*, 2 St. 280; *Crafts v. Dexter*, 8 Ala. 767; *Secor v. Woodward*, 8 Ala. 500, *Hair & Labuzan v. Lowe*, 19 Ala. 224.

Decree affirmed.