**Ex parte CUNNINGHAM. (6 Div. 349.)**

(Court of Appeals of Alabama. Jan. 22, 1924. Rehearing Denied Feb. 19, 1924.)

**1. Damages ⟐⟐199—Ascertainment of damages by court held error.**

In view of Acts 1915, p. 824, where plaintiff filed suit against corporation and noted demand for jury trial, and, with leave, withdrew demand and amended complaint and issued summons to defendant as partnership and to individuals thereof, without notice that demand had been withdrawn and defendants defaulted, ascertainment of damages by court without jury was error.

**2. Judgment ⟐⟐153(2)—After 30 days court loses power over judgment.**

Where plaintiff noted demand for jury trial and court on defendant's default erroneously ascertained damages, had error been brought to court's attention within 30 days from final judgment, court would have had jurisdiction to set judgment aside, but after 30 days court lost power over it completely.

**3. New trial ⟐⟐166(2)—Court without power to set aside judgment on petition filed more than four months after default.**

Where jury trial was demanded and on default court erroneously ascertained damages and entered final judgment, and petition for re-

═══════

lief therefrom under Code 1907, §§ 5372, 5373, was filed more than four months after judgment, court was without power to consider petition, when properly objected to.

**4. New Trial ⬥166(1)—Erroneous judgment held not result of "surprise, accident, mistake, or fraud" authorizing relief under statute.**

Where plaintiff noted jury trial and on defendant's default judge erroneously ascertained damages and rendered final judgment, such judgment was not result of "surprise, accident, mistake, or fraud," authorizing relief under Code 1907, §§ 5372, 5373.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Surprise.]

**5. Judgment ⬥416, 423—When relief from irregularity granted, stated.**

Equity will not grant relief against judgment for mere irregularities, nor relief at all unless complaint impeaches existence or validity of debt on which judgment was rendered.

**6. Pleading ⬥335—Demurrer filed only when delivered to proper officer.**

Depositing demurrer in basket kept for that purpose by clerk of court, whose duty it was to file it, did not constitute filing, since it could be filed only when delivered to proper officer.

**7. New trial ⬥166(2)—That demurrer filed held without avail on petition to set aside default filed too late.**

That demurrer was on file is of no avail on petition to set aside judgment rendered as by default, when petition was not filed within four months as required by Code 1907, §§ 5372, 5373.

**8. Judgment ⬥340—Petition for annulment of order properly presented to judge's successor.**

Upon death of judge who granted order under Code 1907, §§ 5372, 5373, setting aside a judgment, petition for annulment of such order was properly presented to his successor.

**9. Mandamus ⬥53—Proper proceeding to set aside erroneous order annulling judgment.**

Where, on petition under Code 1907, §§ 5372, 5373, order setting aside and annulling the judgment was erroneously entered, and petition to annul such order was denied, plaintiff, being without other remedy, properly applied to Court of Appeals for mandamus to compel annulment.

Original petition by E. N. Cunningham for mandamus to Hon. John Denson as judge of the Tenth Judicial Circuit. Mandamus awarded.

Petition for certiorari dismissed by Supreme Court in Ex parte Ewart-Brewer Motor Co., 99 South. 836.

George Frey and W. B. Harrison, both of Birmingham, for petitioner.

Petitioner's remedy is by mandamus. Ingram v. Ala. Power Co., 201 Ala. 13, 75 South. 304. Judicial errors, after expiration of the term, are incapable of correction, otherwise than by appeal. Tippins v. Peters, 103 Ala. 196, 15 South. 564; Harris v. Billingsley, 18 Ala. 438; Browder v. Faulkner, 82 Ala. 257, 3 South. 30; Buchanan v. Thompson, 70 Ala. 401; Baker v. Barclift, 76 Ala. 414; Wiggins v. Steiner, 103 Ala. 655, 16 South. 8; Hudgins v. Pickins Co., 10 Ala. App. 377, 64 South. 472; Acts 1915, p. 707, § 3. A court is powerless, after expiration of four months, to set aside a judgment, unless a proper petition was filed and notice given. Code 1907, § 5373; Ex parte Johnson, 60 Ala. 429. The deposit of the demurrer in a receptacle is not filing with the clerk. Phillips v. Beene's Adm'r, 38 Ala. 248; Owensboro Wagon Co. v. Bliss, 132 Ala. 253, 31 South. 81, 90 Am. St. Rep. 907; Falley v. Falley, 163 Ala. 626, 50 South. 894; Rosenau v. Powell, 173 Ala. 123, 55 South. 789. It is an essential prerequisite to the court's power to grant the motion that it be averred and proved that the petitioner had a meritorious defense. Dunklin v. Wilson, 64 Ala. 162; Chastain v. Armstrong, 85 Ala. 215, 3 South. 788; Reed v. Hammond, 196 Ala. 302, 71 South. 692; Ingram v. Ala. Power Co., supra.

Harsh, Harsh & Harsh and Haley & Haley, all of Birmingham, for respondent.

No brief on original hearing reached the Reporter.

SAMFORD, J. [1] The plaintiff in the court below (petitioner here), on September 8, 1922, filed his suit in the circuit court of Jefferson county in assumpsit against Ewart-Brewer Motor Company, a corporation, claiming $1,000 damages for a breach of warranty in the sale of an automobile, and, as a part of the complaint served on the defendant named, noted a demand for a jury trial, as required by Acts 1915, p. 824. On November 17, 1922, there appearing no appearance or pleading on the part of defendant, plaintiff, by leave of the court, withdrew demand for a jury trial and also by leave of the court amended the original complaint by striking out "a corporation" and adding "a partnership composed of W. E. Ewart and W. P. Brewer," and by adding the individual partners as parties defendant. Summonses were issued to the partnership and to the individuals and executed and returned November 21, 1922. On December 22, 1922, no appearance or pleading appearing of record, and the defendants being called came not, judgment by default was entered against the partnership and the individual partners. On January 15, 1923, on motion of plaintiff, the court, without a jury, proceeded to ascertain the damages and to enter final judgment. There is nothing in the record to show that the defendants, or either

of them, waived the jury or consented that the damages might be ascertained by the court. The original summons and complaint contained the demand for the jury trial, and the amended complaint served on these defendants contained no notice that such demand had been withdrawn. These defendants were therefore entitled to rely on the fact, as fixed in the original summons, that whatever damages were to be assessed against them would be by a jury. The ascertainment of the damages by the court was error. Fla. N & T. Co. v. Watson, 201 Ala. 97, 77 South. 391; W. U. T. Co. v. Laslie, 17 Ala. App. 303, 84 South. 864.

[2] If this error had been brought to the attention of the court within 30 days from the rendition of the final judgment, the trial court would have been justified and would have had the jurisdiction to have set the judgment aside. The defendants had their remedy to correct this error, either by appeal or by proper motion, made within the 30 days allowed by law. After 30 days the court loses all power over its judgments, as completely as if the term of court had expired. McCord v. Rumsey (Ala. App.) 95 South. 268; [1] First National Bank of Lawrenceburg v. Morrow, ante, p. 459, 98 South. 34.

[3] The defendants, however, did not file a motion within 30 days, but proceeded by petition under section 5372 of the Code of 1907. On April 18, 1923, defendants gave notice to plaintiffs that, on April 28th, they would call the petition to the attention of Judge D. A. Green, and on April 20th, the petition was presented to Judge Green, at which time he made an order setting the same for hearing on April 28th. Section 5372 of the Code of 1907 fixes the time within which a petition for relief may be filed thereunder at four months, and section 5373 provides:

"And the petitioner shall give the adverse party, or his attorney, ten days' notice of the judge before whom, and the time when, and place where, the application will be made."

Under the statute, therefore, the application must be made within four months and cannot be made until the adverse party has had ten days' notice, as required by section 5373. Under the facts here, the petition was not legally filed within four months from the rendition of the default judgment on December 22, 1922. And, as to that judgment, the judge was without power to consider the petition, the same being properly objected to.

[4, 5] The question then rests upon the judgment awarding damages on January 15, 1923, which was within the four months and of which the plaintiff had due notice of the petition as shown by the entries of the judge. Even so, the judgment rendered January 15th, while erroneous, was not the result of

surprise, accident, mistake, or fraud, such as to authorize relief under section 5373, supra. The remedy provided under the statute, supra, was designed to give to litigants in courts of law a remedy similar to that theretofore only available in courts of equity. Ingram v. Ala. Power Co., 201 Ala. 13, 75 South. 304. Equity will not grant relief against a judgment on account of mere irregularities, nor relieve at all unless the complaint impeaches the existence or the validity of the debt upon which such judgment was rendered. Saunders v. Albritton, 37 Ala. 716; McDonald v. Cawthon, 152 Ala. 357, 44 South. 395. The remedy for errors such as are here alleged is by motion within 30 days or by appeal.

[6, 7] An effort was made to show that a demurrer was filed to the original complaint before judgment by default was entered. This contention rests upon the testimony of one of defendants' attorneys that he wrote a demurrer to the complaint at some time prior to November 17, 1922, and deposited it in a basket kept for that purpose by the clerk of the court, whose duty it was to file it. This action was entirely too casual to constitute a filing of the demurrer. The demurrer can only be considered filed when it is delivered to the proper officer whose duty it is to file same. Falley v. Falley, 163 Ala. 626, 50 South. 894; Phillips v. Beene's Adm'r, 38 Ala. 248. But, according to the view hereinabove stated, even the filing of the demurrer would not avail the defendants in the proceedings under the four months' statutes, supra.

[8, 9] Upon the hearing of the motion of defendants, under the four months' statutes, Judge Dan A. Green, the judge before whom the case was heard, granted the motion, and entered an order setting aside and vacating the judgment theretofore rendered in favor of plaintiff. After the granting of the above motion setting aside the judgment, Judge Green died, and on June 26, 1923, plaintiff filed with Judge Jno. Denson, his successor in office as judge of the Tenth judicial circuit, a petition praying the annulment of the order setting aside plaintiff's judgment, and in connection therewith presented to said Judge Denson all of the papers, original documents and pleadings, and a complete transcript of all the testimony on such hearing, thereby presenting to Judge Denson all of the information, written and oral, possessed by Judge Green. Upon a hearing of this petition, Judge Denson, a judge of the Tenth judicial circuit, denied said petition, and now plaintiff brings this petition to compel Judge Denson, as such judge, to make an order annulling the order setting aside the original judgment.

The jurisdiction to hear and determine the petition rested with Judge Dan A. Green, as judge of the Tenth judicial circuit, and not as an individual. He having died, and

_____
[1] Ante, p. 62.

Judge Jno. Denson having been appointed and qualified as such judge, application was properly made to him. Ex parte Trice, 53 Ala. 546. Judge Denson, as such judge, having denied the petition, the petitioner here has pursued the proper remedy in filing his petition in this court. Ingram v. Ala. Power Co., 201 Ala. 13, 75 South 304.

The order to set aside and annul plaintiff's judgment having been erroneously made and entered, and plaintiff being without other remedy than is prayed in this petition, let the writ of mandamus issue as prayed.

Mandamus awarded.

No brief for respondent has come to the attention of the court.

