MELBOURNE STATE BANK, a corporation, *Plaintiff in Error*, vs. ELSIE F. GILLETTE, (Clyde H. Flewelling, H. B. Flewelling, and Sam R. Scott, Sureties), *Defendants in Error*.

Division B.

Opinion filed April 15, 1931.

*W. S. Collins* and *F. W. Butler*, for Plaintiff in Error; *Maguire & Voorhis*, for Defendant in Error.

WHITFIELD, P.J.—It appears that execution under a judgment was levied upon property claimed by a third party.

The judgment in the claim proceedings adjudicated the property to be subject to the execution. There was no motion for new trial in the claim proceeding. After the expiration of the term a motion was made to "vacate and set aside said judgment," in the claim proceeding. On such motion the court "ordered and adjudged that said judgment in favor of Melbourne State Bank and against Elsie F. Gillette, Claimant, and her sureties, Clyde H. Flewelling, H. B. Flewelling and Sara R. Scott, dated March 29th, 1928, be and the same is hereby vacated, and set aside. It is further ordered and adjudged that said cause be submitted to a jury of Brevard County, Florida, during the Fall Term of the Circuit Court, 1928, for trial of right of property between the Melbourne State Bank, Plaintiff in execution and the said Elsie F. Gillette, as claimant, and the Clerk is directed to place said cause on the docket of cases to be tried at said term."

To such order a writ of error was taken.

The statutes provide that "writs of error shall lie only from final judgments, except" that "upon the entry of an order granting a new trial at law, the party aggrieved * may * prosecute a writ of error." Sections 4606, 4615, Compiled General Laws, 1927.

As the order above quoted to which the writ of error was taken, is not a final judgment and is not "an order granting a new trial," there is no authority for appellate review by writ of error, therefore the writ of error herein should be and is hereby dismissed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and Judgment.

BROWN, J., dissents.