STATE OF FLORIDA, ex rel., MELBOURNE STATE BANK, a corporation, *Relator,* vs. W. W. WRIGHT, Circuit Judge, *Respondent.*

145 So. 598.

Opinion filed November 7, 1932.

Petition for rehearing denied December 15, 1932.

See, also, 101 Fla. 235, 134 So. 46.

*F. W. Butler,* of Melbourne, for Relator;

*Maguire & Voorhis,* of Orlando, for Respondent.

MATHEWS, C.—This is a case of original jurisdiction in mandamus. Alternative writ of mandamus was issued herein on October 23rd, 1931, directed to W. W. Wright as Judge of the Circuit Court of the Twenty-third Judicial Circuit of the State of Florida to require the said Circuit Judge to forthwith make and enter an order . . . (1) vacating an order made August 22nd, 1928, vacating and setting aside a judgment dated March 29th, 1928, in favor of Melbourne State Bank against Elsie F. Gillette, claimant, and Clyde H. Flewelling and H. B. Flewelling and Sam R. Scott—erroneously named therein Sarah R. Scott—and (2) reinstating said judgment, and (3) amending and correcting said judgment by striking the name of Sarah R. Scott therefrom and inserting in lieu thereof the name Sam R. Scott.

The alternative writ was returnable on November 17th,

1931. On the return day, the respondent filed demurrer and motion to quash.

It appears from the alternative writ that on January 18th, 1927, Melbourne State Bank recovered a judgment against S. J. Gillette in Brevard County Circuit Court for $1,421.75. Execution issued January 20th, 1927, and was delivered to the Sheriff of Orange County, Florida, on August 6th, 1927. On the same day, the Sheriff levied the execution on certain property, and on August 8th, 1927, Elsie F. Gillette filed her claim affidavit and bond with Clyde H. Flewelling and H. B. Flewelling and Sam R. Scott as sureties, and the Sheriff surrendered the property to her. The Orange County Sheriff returned the execution, claim affidavit and bond to Brevard County Circuit Court on October 7th, 1927. The next term of court convened on October 11th, 1927, but the cause was not tried at that term. At the Spring Term, 1928, the cause came on for trial, without notice to the claimant or sureties other than that the case appears to have been regularly docketed. On March 29th, 1928, a verdict was rendered for the plaintiff which found the right of property in S. J. Gillette, the defendant in execution; that the claim was interposed for delay, and awarded the plaintiff damages, with interest.

On the same day, March 29th, 1928, judgment was entered "that the right of property * * * * levied on by the Sheriff herein, is in the defendant, S. J. Gillette, and the same was and is subject to said levy under the writ of execution * * * that the plaintiff * * * recover of the claimant, Elsie F. Gillette, and against her sureties, Clyde H. Flewelling, H. B. Flewelling and Sarah R. Scott, the principal sum of $1,421.75, together with all interest thereon from the date of levy, towit: August 8th, 1927 * * *, and the further sum of $150.00 as damages, * * * and costs * * * taxed at $15.25."

The Spring Term of Brevard County Circuit Court was adjourned sine die on May 11th, 1928.

On August 11th, 1928, Clyde H. Flewelling and H. B. Flewelling filed and presented to the Circuit Judge, pursuant to notice given, a motion to vacate and set aside the judgment of March 29th, 1928. The motion was argued, affidavits submitted and briefs filed, and the respondent W. W. Wright as Circuit Judge found "that said judgment ought to be vacated and set aside" and entered an order vacating the judgment, and ordered that the said cause be submitted to a jury during the next term of court.

On October 13th, 1931, Melbourne State Bank filed petition before respondent, W. W. Wright as Circuit Judge, praying that respondent "vacate and set aside the order" vacating the judgment and "that said judgment be reinstated and thereupon corrected . . . . by amending the name of the judgment defendant from that of Sarah R. Scott to Sam R. Scott." The petition was denied.

Respondent, W. W. Wright, having died, an order has been made herein reviving the cause against his successor, the Honorable M. B. Smith, as Judge.

It is the contention of the relator that the trial court had jurisdiction in the claim proceeding and was without jurisdiction during vacation to set aside the judgment rendered during term, and that mandamus is the proper remedy where a court has exceeded its power in vacating a judgment after the term.

Section 4517 (2830), Compiled General Laws of Florida, 1927, provides that if any person other than the defendant in execution shall claim any property levied upon, he may obtain possession of such property by filing with the officer having such execution an affidavit made by himself * * * that the property claimed by him belongs to him and a bond payable to the plaintiff.

Section 4518 (2831), Compiled General Laws of 1927,

requires the Sheriff, upon affidavit and bond being filed, to deliver the property levied upon under the execution to the claimant and return the bond and affidavit to the court issuing the execution.

Section 4519 (2832), Compiled General Laws of 1927, provides for trial of the right of property before a jury.

The proceedings taken under the above sections show the court below had jurisdiction in the claim proceedings of the parties and of the subject matter.

It is a general rule of law that all the judgments, decrees or other orders of the court, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may be then set aside, vacated, modified or annulled by that court. But it is a rule equally well established that after the term has ended, all final judgments and decrees of the court pass beyond its control unless steps be taken during that term, by motion or otherwise, to set aside, modify or correct them, and if errors exist, they may be corrected by such proceeding by a writ of error or appeal, as may be allowed in a court which by law can review the decision. Alabama Hotel Co. vs. Mott Iron Works, 86 Fla. 608, 98 So. 825; Malone vs. Meres, 91 Fla. 709, 109 So. 677.

This court has recognized exceptions to the general rule in that ''orders, decrees or judgments made through fraud, collusion, deceit or mistake may be opened, vacated or modified at any time on the proper showing made by the parties injured. Alabama Hotel Co. vs. Mott Iron Works, supra.

In the case last cited, the trial court was held to have properly made an order in vacation vacating an order dissolving a garnishment, where it appeared that the court did not fully understand the agreement of the parties which formed the basis for the order of dissolution.

The demurrants seek to come within the recognized ex-

ceptions. Thus the motion to vacate the judgment against the claimant and her sureties sets out in substance: That the claim proceeding was not tried at the first term of court convening after the claim affidavit and bond was filed in the Clerk's office, that the trial was had at the Spring 1928 Term without notice to claimant and her sureties, and that they were mis-led by virtue of advice to claimant's attorneys on October 12th, 1927, that the case was not docketed for trial.

It is not every mistake which will afford relief such as was granted to the movants by the court below. The mistake which will be taken cognizance of by the courts finds its parallel in the instance of a clerk entering a judgment on default because of misapprehension as to the allegations of the pleadings.

In Cooper vs. Rhea, 82 Kans. 109, 107 Pac. 799, 29 L. R. A. (N. S.) 930, 20 Ann. Cas. 42, the plaintiff made affidavit that at the time the judgment was rendered he understood that the parties and the court had agreed that the answer was to be amended so as to set out the Tax Deed, and that it was treated at the hearing on demurrer as though such amendment had already been made. He also introduced an affidavit of the former Judge of the Court who presided when the judgment was rendered stating that he had understood that to be the situation and had acted upon that understanding. It therefore was shown that the judgment was rendered on the pleadings, while the court and the losing party were under the mistaken impression as to what issues were presented. Accordingly the case was reversed and remanded for further proceeding in accordance with the opinion.

In the motion to vacate the judgment against claimant, it is urged that claimant and her sureties had no notice or knowledge of the trial. The claimant and her sureties submitted themselves to the jurisdiction of the court by filing

claim affidavit and bond with the Sheriff of Orange County, which was approved by the Sheriff and filed in the Brevard County Clerk's office. This brought home to them knowledge of the pendency of the claim proceedings. Circuit Court Rule 41, Section 4519 (2832) Compiled General Laws of 1927; Fariss v. Holly, 95 Fla. 360, 116 So. 763.

It appears that everything within reason was done by the attorneys for plaintiff in execution to put claimant and her sureties on notice of the docketing of the claim proceedings for trial at the Spring Term of 1928, and there was no legal duty or obligation on the plaintiff in execution to give notice of the trial of the case. Wilhelm vs. South Indian River Co., 98 Fla. 970, 124 So. 729.

The motion to vacate the judgment against the claimant and her sureties fails to set forth facts constituting fraud, collusion, deceit, surprise or mistake of such nature as to warrant the granting of such motion. Flournoy vs. Monson, 51 Fla. 198, 41 So. 398; Alabama Hotel Co. vs. Mott Iron Works, supra.

It appears, therefore, that the court below was without jurisdiction to vacate the judgment rendered during term based on the motion made and presented out of term. Ex parte Cunningham, 19 Ala. App. 584, 99 So. 834.

Next, with regard to remedy, it is urged by respondents that mandamus will not lie because it would be compelling the trial court not solely to exercise the discretion vested in him, but to exercise such discretion in a certain manner.

Where the action of a trial court, in vacating a judgment is wholly void, he has no discretion as to whether or not he will vacate the order vacating the judgment and make an order of reinstatement. Ex parte Jos. H. Bradley, petitioner, 7 Wall. 364-386, 19 U. S. (Law Ed.) 214.

We have held that there is no authority for appellate review by writ of error in this case. Melbourne State Bank v. Gillette, 101 Fla. 235, 134 So. 46.

And mandamus will lie to compel a court to vacate a judgment, order or decree which it was entirely without jurisdiction to make, there being no adequate remedy by appeal, error or otherwise. 38 C. J. 637; Ex parte Jos. H. Bradley, petitioner, supra; Ex parte Metropolitan Water Co., 55 U. S. (Law Ed.) 575; In re Metropolitan Trust Co. of New York, 54 U. S. (Law Ed.) 1051; Renaud vs. State Court, 124 Mich. 648, 83 N. W. 620, 83 A. S. R. 346; Ex parte Cunningham, supra.

It is urged that the relator is not merely seeking to set aside an order vacating a final judgment but is endeavoring to reinstate that judgment by directing the course and form of action of the respondent.

If the peremptory writ issue directing the respondent to vacate and annul the order vacating the final judgment, the effect of such requirement would be to reinstate the former judgment even though not expressly directed so to do by the peremptory writ. This being true, there can be no objection to the command of the writ likewise requiring respondent by an affirmative order to reinstate the final judgment vacated. Ex parte Jos. H. Bradley, petitioner, supra; Ex parte Alabama Marble Co., 216 Ala. 272, 113 So. 240.

It is urged that the officer levying the execution does not appear to have fixed the value of the property levied on and that therefore the judgment, being for the principal sum and not for the value of the property released, mandamus will not issue. The judgment is for "the principal sum" * * * of $1,421.75. This obviously refers to the value of the property.

Ambiguity in a judgment based upon a statutory right, as entered, may be cured by reading the statute into the judgment. S. A. L. Ry. v. Nims, 61 Fla. 420, 54 So. 779.

There is nothing in the statute which requires a Sheriff to fix the value in any particular manner and therefore the

mere absence of a statement by the Sheriff in his return on the execution, or an express statement in the bond of such value, is not conclusive that no such value was fixed.

A judgment is presumed to be correct where there is any possible state of facts to justify it, and where the court has jurisdiction of the subject matter and of the parties in interest, its judgment is not alone res adjudicata of the questions specifically presented by the pleadings, but is also res adjudicata of all questions necessarily involved and which could have been presented. Bates vs. Strickland, 139 Miss. 636, 103 So. 432.

It is urged that a Circuit Judge ought not to be compelled by mandamus to amend and correct a judgment, striking a defendant's name therefrom and inserting in lieu thereof another name, when the party whose name is sought to be inserted has been given no notice of the application. This would imply that a name other than some person appearing of record is sought to be inserted by direction of the trial court in the peremptory writ so to do. As a matter of fact, such is not the case. From an examination of the bond filed, it will be found that Sam R. Scott is named in the body thereof as one of the sureties and his signature is appended to the bond as such, together with the Flewellings. By an examination of the judgment, it will be found that the judgment is entered against Sarah R. Scott instead of Sam R. Scott. No one inspecting this record can for a minute question the fact that the insertion of Sarah R. Scott instead of Sam R. Scott was wholly a clerical misprision. This being true, a peremptory writ to the Judge would serve only to correct a clerical error which appears wholly from an inspection of the record. Notice of such correction is not required to be given to Sam R. Scott, as the judgment obviously, according to the record, would have been entered against him with the other two sureties and the claimant, had it not

been for an error of the clerk. McGriff vs. Reid, 37 Fla. 51, 19 So. 339; Dickey vs. Gibson, 113 Cal. 26, 45 Pac. 15, 54 A. S. R. 320; Scamman vs. Bonslett, 118 Cal. 93, 50 Pac. 272, 62 A. S. R. 226; Ware vs. Kent 123 Ala. 427, 26 So. 208, 82 A. S. R. 132.

It is urged that the right of the relator in and to the property levied upon by the execution is concluded by a foreclosure and sale, made after levy of the execution and before judgment obtained in the claim proceeding, in another court of general jurisdiction. However, no defense appears to have been tendered in the claim proceeding setting up foreclosure and sale, and the claimant and her sureties are now precluded from setting up such defense herein.

It is next urged that the claim proceeding, not being tried at the October 1927 Term of Court, which was the next succeeding term after the affidavit and bond were filed, precluded a subsequent trial.

The statute nowhere provides that a claim proceeding shall be dismissed if not tried at the next term, and in the absence of such provision, the proceedings would necessarily remain pending until determined by trial of the right of property, or some other proceeding that would affirmatively effect a disposition of such proceedings. Rule 41 of the Circuit Court specifically provides that a failure to docket any case shall not work a discontinuance thereof.

It is therefore ordered that the demurrer to the alternative writ is over-ruled, the motion to quash the alternative writ is denied, and a peremptory writ is hereby ordered.

Per Curiam.—The record in this cause having been considered by the court, and the foregoing opinion prepared under chapter 14553, Acts of 1929 (Extra Session), adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the demurrer to the alternative writ be, and the same is hereby over-ruled; that the motion to quash the alternative writ be and the same is hereby

denied, and that a peremptory writ be and the same is hereby granted.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.