JOHN P. NELSON, HARRY B. NELSON and HARRY LEONARD, as co-partners doing business as Nelson Brothers, a co-partnership, *Plaintiffs in Error,* v. INDIAN BEACH, INC., a Florida corporation, *Defendant in Error.*

147 So. 268.

Opinion filed March 24, 1933.

*Baskin & Jordan,* for Plaintiffs in Error;

*Bradley & Whele,* for Defendant in Error.

DAVIS, C. J.—In this case writ of error has been taken to an order of the Circuit Court setting aside and vacating a default judgment and final judgment at law consequent thereon and recalling a writ of execution issued pursuant thereto. The effect of the order appealed from is to set aside and vacate a final judgment entered during a regular term of the Circuit Court after a trial was had and the verdict of a jury was returned respecting the issues to be tried under the pleadings and the default.

The order appealed from is not a final judgment, although it vacates and sets aside a final judgment already entered. This is so because if the order appealed from be well taken, the case is not at an end, inasmuch as the vacation of the final judgment previously entered leaves the case open for further proceedings. On the other hand, if the final judgment entered on June 16, 1931, is not void, then it is the only final judgment that can be entered in this case, and the writ of error sued out on May 26, 1932, is out of time, being more than six months after June 16, 1931.

In either event, the writ of error in the present case must be dismissed. This is so because the last order entered by the Court on February 4, 1932, if valid, is not a final judgment. If invalid (because it undertakes to set aside a final judgment that has already passed beyond the control of the Circuit Court), the final judgment of June 16, 1931, remains in full force, and the present writ of error cannot

be supported by it, inasmuch as the present writ of error was not sued out until nearly a year after the judgment of June 16, 1931. For a permissible method of attacking unauthorized orders of Circuit Courts attempting to vacate their own lawful final judgments after such final judgments have passed beyond their jurisdiction and control, see the recent case of State ex rel. Melbourne State Bank v. Wright, Circuit Judge, 107 Fla. 178, 145 Sou. Rep. 598.

In that case it was said that mandamus lies to compel vacation of a judgment or order which has been made by a court of law, when such judgment or order appears to have been entered by the court without any jurisdiction to make it because of the court's having already entered a valid final judgment, there being no adequate remedy by appeal, error or otherwise for review of such an unauthorized order entered after final judgment. This rule simply means that where a final judgment has once been validly (though erroneously) entered, and such judgment has passed beyond the control of the court entering it, that an order made thereafter without jurisdiction, undertaking to vacate such final judgment, is itself void and beyond the court's jurisdiction to make. And since such an order made subsequent to final judgment is an order made without jurisdiction, it cannot be reached by a writ of error, which would lie only to the final judgment, but it may be reached by mandamus against the Judge who entered it, to compel him to vacate what he has done that is void, by reinstating the judgment that he has improperly set aside after his control over it as a final judgment has expired.

If a Judge in setting aside or vacating a final judgment entered of record is proceeding within his jurisdiction to deal with the judgment, his action, though erroneous, would not be void, but would have to be reached by a writ of error

sued out after another final judgment is ultimately entered definitely disposing of the case. On the other hand, if the Judge is exceeding his authority by attempting to vacate a final judgment that is not wholly void, though erroneous, at a time after such judgment has passed beyond his control to deal with, the remedy is to coerce the Judge to undo his own wrong by re-instating the judgment so attempted to be unlawfully interfered with by him, there being no *adequate* remedy except mandamus for the last stated situation. State ex rel. Melbourne State Bank v. Wright, *supra*.

The writ of error must be dismissed on the authority of Melbourne State Bank v. Gillette, 101 Fla. 235, 134 Sou. Rep 46, and it is so ordered.

Writ of error dismissed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.