STATE, *ex rel.* CHARLES E. HARRINGTON, *et al.,* as trustees of Broward County Bond Owners' Association, an incorporated, voluntary association, v. CITY OF POMPANO, a municipal corporation created by and existing under the laws of this State.

182 So. 290.
En Banc.
Opinion Filed June 16, 1938.

*Casey, Walton & Spain,* for Relators;

*W. Marion Walton, J. H. Lathero* and *McCune, Hiaasen & Fleming,* for Respondents.

*Clark & Ellis,* as *Amici Curiae.*

CHAPMAN, J.—It has been made to appear by petition for an alternative writ of mandamus in this Court that plaintiffs were the owners of certain described bonds in the sum of $1,000.00 each, dated May 1, 1926, which were delivered on or about June 25, 1927, and that a number of

said bonds with interest coupons attached are long past due and unpaid. It was further made to appear that the Town of Pompano was established by an Act of the Legislature of 1913, Chapter 6754, and the incorporated area contained some 1,530 acres. On May 27th and December 3rd, 1925, by ordinances lawfully approved and adopted, the Town of Pompano annexed or attempted to annex additional territory. Chapter 13324, Laws of Florida, Acts of 1927, effective May 11, 1927, abolished the Town of Pompano and created and established the City of Pompano. On May 12, 1930, a quo warranto proceeding was filed, and on January 23, 1934, a final judgment was rendered ousting from the city limits thereof all lands except those embraced in the original charter of 1913.

The prayer of the petition seeks an order requiring the levy of a tax on all the property described in Chapter 13324, Acts of 1927, for the payment of petitioners' bonds and interest thereon.

The City of Pompano filed a motion to quash the alternative writ on some thirty or more grounds and simultaneously filed a motion to strike described portions of the alternative writ of mandamus, which will not be considered on this hearing. The grounds of the motion to quash are: (a) relators do not show a right to the relief sought; (b) the respondent has not violated any duty imposed by law; (c) no clear right exists for the relief sought; (d) the petition fails to make out a *prima facie* case; (e) respondent cannot be required to do all that is required; (f) the writ asks to perform duties not required by law. A number of other grounds of the motion to quash exist, but the said motion can be disposed of on the grounds *supra*. It is academic that the motion to quash or dismiss the alternative writ of mandamus admits as true the facts well pleaded and appearing in the alternative writ of mandamus for the pur-

pose of testing its sufficiency. See State, *ex rel.* Peacock, v. Latham, 125 Fla. 69, 169 So. 597.

Where the alternative writ makes a *prima facie* case a motion to quash should be denied and the respondents required to file their answer or return to the alternative writ. See State, *ex rel.* Baldwin, v. Brockett, 95 Fla. 937, 117 So. 107; State, *ex rel.* Burr, v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. 474; State, *ex rel.* Burr, v. Atlantic Coast Line R. Co., 59 Fla. 612, 52 So. 4.

From the pleadings it has been made to appear that a *prima facie* case has been made or established and that the said motion to quash should be and is hereby overruled and denied. The respondent is required to file an answer or return to the alternative writ of mandamus previously issued in this cause within fifteen days from date hereof and the relators are allowed ten days thereafter to file such a reply pleading as advised. If counsel for the parties desire, the briefs now on file in this cause can, by the Court, be considered in deciding this cause on its merits without the filing of additional briefs.

It is so ordered.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.