C. H. CORNELIUS, County Judge for Hillsborough County, v. STATE, ex rel. Tampa-West Coast Realty Company.

183 So. 754.

Division A.

Opinion Filed October 31, 1938.

*H. S. Glazier,* for Plaintiff in Error;
*Paul Game,* for Defendant in Error.

BUFORD, J.—On writ of error we review judgment awarding peremptory writ of mandamus commanding "G. H. Cornelius as Judge of the County Court in and for Hillsborough County, Florida that you do forthwith make and enter an order (1) vacating and setting aside the aforesaid order entered by you on the 30th day of July, A. D. 1937, vacating and setting aside that certain order entered by you on June 11, 1937, vacating and setting aside Sheriff's levy and sale and directing issuance of Alias Execution, and (2) vacating and setting aside the aforesaid order entered by you on the 8th day of September A. D. 1937, vacating and setting aside Default and Final Judgment, original writ of execution and alias writ of execution, and (3) reinstating said default and final judgment and said alias writ of execution, and in default of your so doing, that you show cause before me on the 20th day of September A. D. 1937 at 9 o'clock a. m. why you have so failed to comply with this writ."

The alternative writ of mandamus alleged:

"(1) That on the 22nd day of June, A. D. 1929, the said Tampa West Coast Realty Company, a corporation, instituted suit by attachment in the County Court in and for Hillsborough County, Florida, against Grace S. Fuller, a widow, and on June 22, 1929, writ of attachment issued in said cause was levied by the Sheriff of Hillsborough County, Florida, on certain lands situated in Hillsborough

County, Florida, as the property of the said Grace S. Fuller, a widow; that declaration was duly filed in said cause on August 5, 1929, and thereafter the said Grace S. Fuller, a widow, was duly served with process by publication of notice of attachment in said cause; that on June 3, 1930, default was entered against said Grace S. Fuller, a widow, by the Clerk of said Court for failure of said Grace S. Fuller to file her appearance in said cause; that thereafter said cause came on for trial by jury before said Court on the 19th day of September, 1930, and the jury having found a verdict for the plaintiff therein, the said Tampa West Coast Realty Company, a corporation, judgment was thereupon entered in favor of the said Tampa West Coast Realty Company, a corporation, and against the said Grace S. Fuller, a widow; that thereafter on the 4th day of October A. D. 1930, a certified transcript of said final judgment was filed for record and recorded in Foreign Judgment Book S on page 60 in the office of the Clerk of the Circuit Court of Hillsborough County, Florida; That writ of *fieri facias* issued in said cause was delivered to the Sheriff of Hillsborough County, Florida, on the 4th day of October A. D. 1930, and on said date said writ was executed by said Sheriff by levying on certain property; that on November 3, 1930, after advertisement the said Sheriff did offer said property for sale, and at such sale said property was sold to said Tampa West Coast Realty Company, and on the 4th day of November A. D. 1930, said Sheriff did execute and deliver to said Tampa West Coast Realty Company his Sheriff's Deed conveying said property, which said deed was filed for record and recorded in Deed Book 912 on page 5, in the office of the Clerk of the Circuit Court of Hillsborough County, Florida; all of which will more fully appear by reference to the original Court files in that certain cause lately pending on the Chancery side of this Court,

wherein Grace S. Fuller, a widow, was complainant and Tampa West Coast Realty Company, a corporation, was defendant, being case No. 52037-C, to which said original court files this Court's attention was called.

"2. That on February 15, 1936, the said Grace S. Fuller, a widow, exhibited her bill of complaint in this Court in the aforesaid chancery cause No. 52037-C, and thereafter filed her amendment to said bill of complaint, wherein the said Grace S. Fuller, a widow, assailed and alleged to be void and ineffectual the various proceedings in the aforesaid cause in the County Court, and alleged that the aforesaid Sheriff's deed was ineffectual and void, all for various and sundry reasons, as will more fully appear by reference to said bill of complaint and the amendment thereto.

"3. That at final hearing in the aforesaid chancery cause this Court did hold the aforesaid Sheriff's deed to be ineffectual and void, and did on the 18th day of May, A. D. 1937, enter a final decree in said cause setting aside and cancelling said Sheriff's deed, which said final decree is duly recorded in Chancery Order Book 234 on page 81 in the office of the Clerk of this Court.

"4. That the aforesaid final decree entered in said chancery cause is in full force and effect and has not been vacated, modified or reversed, and constitutes a final determination of the rights of the parties thereto within the issues raised in said cause.

"5. That on June 11, 1937, the said Tampa West Coast Realty Company, a corporation, filed in said cause in said County Court of Hillsborough County, Florida, its Motion for order setting aside Sheriff's levy and sale and for issuance of alias writ of *fieri facias,* a copy of said Motion being attached to said petition, marked 'Exhibit A' and made a part thereof; that attached to said Motion and re-

ferred to therein was a certified copy of the aforesaid final decree entered by this Court in the aforesaid chancery cause, and recorded in Chancery Order Book 234 on page 81.

"6. That on June 11, 1937, you, as Judge of the County Court in and for Hillsborough County, Florida, entered an order setting aside the aforesaid Sheriff's levy and sale and directing the issuance of alias execution in said cause, a certified copy of said order being attached to said Petition, marked Exhibit 'B' and by reference made a part thereof.

"7. That on the 30th day of July, 1937, you, as Judge of said County Court in and for Hillsborough County, Florida, on motion of the said Grace S. Fuller, defendant in said cause, entered an order setting aside and vacating the aforesaid order entered by you on June 11, 1937, a certified copy of said order entered on July 30, 1937, being attached to said Petition marked Exhibit 'C' and by reference made a part thereof.

"8. That on August 21, 1937, the said Tampa West Coast Realty Company, a corporation, filed in said cause its amendment to its motion filed therein on June 11, 1937, a full true and correct copy of said amendment being attached to said petition, marked Exhibit 'D' and by reference made a part thereof; that there was attached to said Amendment as filed the certified transcript of judgment therein referred to.

"9. That on August 25, 1937, the said Grace S. Fuller, defendant in said cause, filed therein her answer to the aforesaid motion, as amended, a full, true and correct copy of said answer being attached to the said Petition marked 'Exhibit E.'

"10. That thereafter said cause came on for hearing on the 2nd day of September, A. D. 1937, before you as Judge

of the County Court of Hillsborough County, Florida, upon the aforesaid motion, as amended, and the aforesaid answer, and at said hearing the said Tampa West Coast Realty Company, a corporation, in support of its said motion filed in evidence in said cause, without objection, the entire record in the aforesaid chancery cause lately pending in this Court, being case No. 52037-C, consisting of the original Court files in said cause, and that you considered said evidence and heard argument of counsel, and on the 8th day of September A. D. 1937, entered your order in said cause denying the aforesaid motion, as amended, of the said Tampa West Coast Realty Company; and in and by said order did vacate and set aside the Default Judgment entered in said cause on June 3, 1930, and the final judgment entered in said cause on September 19, 1930, and did vacate and set aside the original writ of *fieri facias* issued in said cause on the 19th day of September, 1930, and all returns appearing thereon, and did recall, vacate and set aside the alias writ of *Fieri Facias* issued in said cause on the 11th day of June, 1937, a certified copy of said order entered on the 8th day of September A. D. 1937, being attached to said Petition marked 'Exhibit F' and by reference made a part thereof.

"1. That under the final decree entered by this court in the aforesaid chancery cause, No. 52037-C, the only proper order to be entered by you as Judge of the County Court in and for Hillsborough County, Florida, was the order entered by you on June 11, 1937, certified copy of which order is attached to said Petition marked Exhibit 'B,' and the entry of said order by you as Judge of said County Court in the performance of a ministerial duty on your part to the end that the record and files in said County Court case should reflect the rights of the parties to said cause as finally determined by the decree of this Court dated

the 18th day of May A. D. 1937; that it was beyond the jurisdiction of said County Court and you as Judge of said County Court in and for Hillsborough County, Florida, to enter the order dated July 30, 1937, certified copy of which said order is attached to said Petition marked 'Exhibit C' attempting to set aside and vacate the aforesaid order dated the 11th day of June A. D. 1937, and said order of July 30, 1937, is void and of no effect.

"12. That the final judgment entered in said County Court cause on the 19th day of September, 1930, had passed beyond the control of said County Court and it was beyond the jurisdiction of said County Court, and you, as Judge of said County Court, to undertake by the order entered on the 8th day of September A. D. 1937 to open and vacate the default judgment entered on June 3, 1930, and the final judgment entered on September 19, 1930, more than six years after the entry of such default and final judgment, and said order entered on the 8th day of September A. D. 1937, is void and of no effect.

"13. That on the 9th day of September A. D. 1937, the said Tampa West Coast Realty Company filed its petition before you, as Judge of said County Court, praying that you vacate and set aside your orders of July 30, 1937, and September 8th, 1937, and that the aforesaid judgment entered on September 19, 1930, be reinstated, and on the 9th day of September A. D. 1937, you denied said petition by order entered on said date, a certified copy of said order being attached to the petition filed before me, marked 'Exhibit G.'

"14. That your action as Judge of said County Court in and for Hillsborough County, Florida, in entering the aforesaid orders on July 30, 1937, and September 8, 1937 was due to a misunderstanding on your part to the legal ef-

fect of the final decree entered by this Court in the aforesaid chancery cause on May 18, 1937.

"15. That the said Tampa West Coast Realty Company has no adequate remedy by appeal, error or otherwise, as against said orders entered by you as Judge of the County Court of Hillsborough County, Florida, on July 30, 1937, and September 8, 1937, except by Mandamus."

Motion to quash contained four grounds, as follows:

"1. Because it does not affirmatively appear by the said Writ that the Respondent was without jurisdiction to make and enter the order of July 30, 1937.

"II. Because it does not affirmatively appear by said Writ of Mandamus that the respondent was without jurisdiction to make and enter the order of September 8, 1937.

"III. Because it appears by said alternative writ that the relator had previously invoked the jurisdiction of the Judge of the said County Court, on the 11th day of June, 1937.

"IV. Because it does not affirmatively appear by said alternative writ that the relator did not have an adequate remedy at law by appeal, writ of error, certiorari, or otherwise."

To which an additional ground was filed, as follows:

"V. Because the said alternative writ of mandamus contains, alleges and sets forth matters *in pais,* referred to in the last part of paragraph (1) one, of said writ; and again in paragraph (8) eight of said Alternative writ, and again in paragraph (9) nine of the said alternative writ, and the said matters *in pais* mentioned, described, referred to and set forth in the said Writ of Mandamus are not of sufficient verity since they are not evidenced by bill of exceptions."

Demurrer was also interposed.

Thereafter the Circuit Court entered the following order:

"The order of the County Judge setting aside the default judgment and all proceedings subsequent thereto in the suit of Tampa West Coast Realty Company v. Grace S. Fuller, proceeds upon the theory that the decree of this Court between the same parties under chancery case No. 52037, annulled and vitiated the proceedings in the County Court case. Such was not the import of that decree. If the order of the Judge of the County Court had been predicated upon original proceedings attacking the judgment in that court wherein matters *in pais* were involved, the settlement of such controversy in a mandamus proceeding might raise altogether different considerations.

"In view of the aforesaid apparent action of the Judge of the County Court as exemplified in the record before this Court, I am of the opinion that peremptory writ should issue. Counsel will prepare order to that end."

Pursuant to which, the following judgment was entered: "This cause having heretofore come on for hearing on Demurrer to Alternative Writ of Mandamus, and Motion to quash alternative writ of Mandamus, and amendment to such motion, filed herein by the respondent, and the court having considered the same and heard argument of counsel for the respective parties, and having inspected the original court files in the suit in the County Court of Hillsborough County, Florida, in the case of Tampa West Coast Realty Company v. Grace S. Fuller, and the Court files in the chancery cause heretofore pending in this Court wherein Grace S. Fuller, was complainant and Tampa West Coast Realty Company, was defendant, being chancery case No. 52087, and the Court being fully advised in the premises, and it appearing to the Court that the aforesaid Demurrer should be overruled and the aforesaid Motion to Quash, as amended, should be denied; and it further appearing to the

Court that the issues in this cause are entirely issues of law, that such issues should be determined in favor of the Relator, that the Relator is entitled to the issuance of a peremptory writ in accordance with the alternative writ heretofore issued in this cause, and that no valid defense could be made herein.

"It is thereupon ORDERED AND ADJUDGED that the aforesaid Demurrer to the alternative writ of Mandamus be and the same is hereby overruled, and that the aforesaid Motion to quash alternative writ of Mandamus, as amended, be and the same is hereby denied.

"It is further ORDERED AND ADJUDGED that Peremptory Writ of Mandamus be and the same is hereby awarded to the Relator in accordance with the alternative writ heretofore issued in this cause, and the Clerk of this court be and he is hereby ordered and directed forthwith to issue such writ directed to G. H. Cornelius as Judge of the County Court in and for Hillsborough County, Florida, in the following words and figures, to-wit:"

The Act which the writ sought to coerce was not one in which judicial discretion was involved. It was to require orders which had been made without authority of law to be vacated and set aside. The orders sought to be vacated and set aside were the orders entered by the respondent Judge on July 30th, 1937 and on September 8th, 1937, hereinbefore referred to, both of which orders were entered in a cause pursuant to a final judgment entered therein on September 19th, 1930. Such judgment had long since become absolute by the running of time and the jurisdiction of the court to enter such judgment was not challenged.

That a proceeding in Mandamus is available to require a Judge to vacate, set aside and expunge an order of judgment in a cause where such order or judgment is shown to

have been made without there being at the time power or jurisdiction vested in such Judge to enter such order or judgment, and where there is no adequate remedy at law, is now well settled in this jurisdiction. State v. Chillingworth, 122 Fla. 339, 165 Sou. 264; State v. Tedder, 123 Fla. 188, 166 Sou. 590; State v. Frederick, 124 Fla. 290, 168 Sou. 252.

An order vacating a final judgment is not a final judgment which will support writ of error. See Nelson v. Indian Beach, 109 Fla. 283, 147 Sou. 268; State, ex rel. Melbourne State Bank v. Wright, 107 Fla. 178, 145 Sou. 598. ·

Plaintiff in error contends that he should have been given opportunity to answer the allegations of the alternative writ before the awarding of the peremptory writ. The contention is not tenable because the allegations of the alternative writ present only questions of law and were so adjudicated by the Circuit Court. This practice and procedure was recognized as proper in State, ex rel. Melbourne State Bank v. Wright, supra.

On authority of the opinions and judgments in the cases hereinbefore cited, the judgment is affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., concurs in the conclusion.