WALDEN, Judge.
This appeal receives disposition as a matter of procedural law so we recite only those facts necessary for the decision.
Being refused the renewal of a certain license by the City of West Palm Beach, appellee petitioned and obtained the issuance of an alternative writ of mandamus, directing the City to either renew the license or show cause at a time certain why it refused to do so. Thereupon, the City filed a motion to quash the alternative writ of mandamus whereby the legal sufficiency of the writ was challenged. At the appointed time the court heard counsel, entered a peremptory writ of mandamus, and contemporaneously denied the City’s motion to quash.
Omitting merely formal parts and the command, the alternative writ of mandamus contained this recital:
“WHEREAS it is alleged in the verified petition of GEORGE KNUUTI-LA, the petitioner herein, that the withholding of a renewal of his Beverage License under Section 4-10 of the Code of Ordinances of West Palm Beach is an unreasonable restraint on his property rights and that he is entitled to the issuance of said license forthwith, he having paid to the Tax Collector of the County of Palm Beach, Florida, the cost of said license, and that there is not a plain, speedy and adequate remedy in the ordinary course of law * *
The trial court by its denial of the City’s motion to quash found that this statement constituted a legal cause of action entitling petitioner-appellee to the relief sought. We believe this to be error and reverse.
Mandamus procedure was considered in the case of City of Bradenton v. State ex rel. Perry, 1935, 118 Fla. 838, 160 So. 506, 100 A.L.R. 400, with the Court saying:
“The petition or information in mandamus is, in law, a mere memorandum in the nature of an affidavit supplying the materials for the recitals of fact in the alternative writ, the function of the petition being to make known to the court the ground of complaint and the facts alleged in support of the relief sought. The petition is no part of the pleadings in the cause and becomes functus officio as soon as an alternative writ is issued on it. So the alternative writ of mandamus is in all respects the plaintiff’s (relator’s) declaration in the case and is subject to the same rules as to amendment and the like as are applicable to declarations in ordinary legal proceedings. State ex rel. Davidson v. Couch [116] Fla. [120], 156 So. 297.”
See also Goodrich and Cone, Mandamus In Florida, 4 U.Fla.L.Rev. 535; 21 Fla.Jur., Mandamus, § 104 et seq.
Appellee’s petition became defunct when the alternative writ was issued. At that point the writ itself became in all respects the appellee’s complaint and subject to the same rules of pleading as are complaints in other cases. The alternative writ here containing only conclusions was defective and failed to reflect a right to relief because it did not contain the material facts contained in the petition and neither did it satisfactorily incorporate such facts by reference. Glendinning v. Curry, 1943, 153 Fla. 398, 14 So.2d 794. A respondent has the right under Rule 2.19, Florida Rules of Civil Procedure, 31 F.S.A., to plead to the alternative writ and he will necessarily be prejudiced in this endeavor unless the writ sets forth the facts upon which it is bottomed so that he can either admit or deny, and properly plot his procedural course. Merely serving a copy of the dead petition ■ will not ameliorate the problem as, absent its incorporation by specific reference, in whole or in part, the respondent will still be faced with uncertainty as to the particular facts employed by the court as a basis for its action.
The City is also aggrieved at the trial court’s refusal to give them an opportunity to file their answer or return to the alternative writ and be heard after the *883 court denied its motion to quash. State ex rel. Harrington v. City of Pompano, 1938, 132 Fla. 830, 182 So. 290. We decline to rule upon this proposal, having said that the alternative writ did not state a cause of action. We do, however, observe that the normal procedure is to permit respondents such opportunity unless the trial court can say that the allegations of the alternative writ present only questions of law. Cornelius v. State ex rel. Tampa-West Coast Realty Co., 1938, 136 Fla. 506, 183 So. 754.
Reversed.
SMITH, C. J., and ANDREWS, J., concur.