PER CURIAM.
The State appeals an order dismissing criminal charges against appellee. The dismissal resulted from the State’s refusal to comply with a prior order directing it to disclose to appellee the identity of a confidential informant. The State did not seek timely appellate review of that order and did not assign it as error here. The question of its legality is now moot.
Appellee was arrested and charged with receiving stolen property. The search warrant resulting in his arrest was supported only by the affidavit of an investigator for the State Attorney’s office attesting that a reliable confidential informant claimed to have seen upon appellee’s business premises property known by the informant to have been stolen.
Upon motion of appellee the trial court, following lengthy argument, entered an order, plain and explicit upon its face, directing the State to disclose to appellee the informant’s identity within a time certain. Subsequently, when the case was set for trial, the Court learned that its order had not been obeyed. Upon questioning by the Court, the Assistant State Attorney admit-ed not only that the order had not been complied with but stated unequivocally that the State had no intention of complying with it. Whereupon the Court summarily dismissed the charges. The State now seeks appellate assuagement of the anguish thus excruciated upon it.
We make the gratuitous observation that the trial judge was blessed with an abundance of patience, tolerance and forbearance. But for this fortuitous circumstance the Assistant State Attorney might well have been visited by sanctions more stringent than those imposed and of far greater gravity to him personally.[1]
Two questions stand here exposed to appellate scrutiny. The first is whether the State may, under the guise of an appeal from the order of dismissal, obtain review of the order requiring disclosure of the identity of the informant, the latter order not having been assigned as error and the time for appeal thereof having expired. We think not.
The State’s brief does not address itself to the validity of the order appealed from. It is devoted in its entirety to the proposition that the order commanding disclosure, which was not appealed, was born of error compelling reversal of the ensuing order of dismissal. This amounts to nothing more than an attempt by the State to breathe appellate life into an order which has become moot, hoping thereby to obtain belatedly and by indirection, appellate review of that which cannot now be reviewed directly.
In Roberts v. State, 154 So.2d 695 (2nd D.C.A. 1963) it was said that:
“It has been a well settled and long standing principle in this State that ordinarily an alleged error, which is not set out in Appellant’s assignments of error cannot be urged on appeal. 2 Fla.Jur., Appeals, Sec. 130; Padgett v. State, Fla. 1955, 82 So.2d 372; Jalbert v. State, Fla. 1957, 95 So.2d 589; Tracey v. State, Fla. 1961, 130 So.2d 605.”
See also Merrill v. State, 228 So.2d 305 (3rd D.C.A.Fla.App. 1969) Certiorari dismissed, 239 So.2d 825 (Fla.1970).
Under the circumstances of this case, and the authorities cited, the order requiring the State to identify its informant not having been assigned as error cannot now be considered on appeal.
The second question commanding our attention is whether the trial court exceeded its authority or abused its discretion by dismissing the case upon the State’s announcement of its intention to defy the order to disclose its informant’s identity.
*165 Criminal Procedure Rule 3.220(c)(2) specifies that:
“Disclosure of confidential informant shall not be required unless the confidential informant is to be produced at hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.” [Emphasis supplied]
The order for disclosure, not now susceptible to appellate review, comes to us clothed with the presumption of correctness. Ennis v. Giblin, 147 Fla. 113, 2 So. 2d 382 (Fla.1941) ; State ex rel Everette v. Petteway, 131 Fla. 516, 179 So. 666 (Fla.1938) ; State ex rel Melbourne State Bank v. Wright, 107 Fla. 178, 145 So. 598 (Fla.1932) ; Sawyer v. State, 94 Fla. 60, 113 So. 736 (Fla.1927) ; Williams v. Phiel, 60 Fla. 272, 53 So. 638 (Fla.1910); LaFrance Cleaners & Dyers, Inc., v. Argenio, 147 So.2d 330 (3rd D.C.A. 1962); Marks v. Insurance Service Bureau, Inc., 262 So.2d 450 (3rd D.C.A.Fla.App. 1972). This presumption has ripened into finality.
Criminal Procedure Rule 3.220 (j)(l) provides:
“If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed, or enter stick other order as it deems just under the circumstances.” [Emphasis supplied]
The State had three legitimate options available to it following entry of the order to disclose. It could (1) comply with the order, (2) appeal the order, or (3) enter a nolle prosequi. It chose instead to defy the order, thus deliberately embarking upon a perilous course, irrevocably binding itself to the ensuing dangers. It will not now be heard to complain of the attendant discomfiture. Its plea for rescue by this Court must go unheeded.
The order of dismissal was a legitimate exercise of the Court’s inherent authority to compel obedience to its orders. Such authority is supplemented by and finds recognition in the rule above cited. The order, being just under the circumstances, is accordingly
Affirmed.
BOYER, Acting C. J., McCORD, J., and YAWN, THERON A., Associate Judge, concur.

. Rule 3.220(1) (2) provides that: “Willful violation by counsel of an applicable discovery rule, or an order issued pursuant thereto, may subject counsel to appropriate sanctions by the court.” [Emphasis supplied]