GERSTEN, C.J.
(concurring).
I agree with the majority’s decision to affirm. The State should have petitioned for certiorari from the original order granting the defendant’s motion to compel the identity of the confidential informant. See State v. Roberts, 686 So.2d 722 (Fla. 2d DCA 1997). The State, however, failed to seek review.*
Thereafter, the State should have appealed from the first order dismissing the case. See State v. Wells, 308 So.2d 163 (Fla. 1st DCA 1974). The State, again, failed to seek review. Instead, the State chose to re-file charges based upon the facts arising from the dismissed cases.
Now, the State attempts a backdoor approach, by appealing the second dismissal order based on the re-filed charges (long ago dismissed). Because the State’s logic is faulty, I agree with the majority’s decision to affirm.

 Although not germane to this appeal, I harken back to my first reversal as a circuit judge. The reversal involved a similar situation, where I ordered disclosure of a confidential informant. Assistant State Attorney Tom Robertson, the State’s division chief, petitioned for certiorari. This Honorable Court reversed me, holding that the disclosure of the identity and whereabouts of the confidential informant was not necessary to the defense. See State v. Perez, 438 So.2d 436, 439 (Fla. 3d DCA 1983). This footnote is proof of a trial judge’s elephantine memory. Though many trial judges claim they do not mind reversal, I believe that the sting of reversal never disappears.