## Court of Appeals.

June 11, 1895.

## PEOPLE v. THOMAS G. COWAN.

(69 S. R. 185.)

1. Supplementary proceedings—Judgment on forfeited recognizance.

By the word "appearance," as used in section 2458 of the Code, is meant the voluntary submission to the jurisdiction in whatever form manifested, and not the mere narrow and technical meaning, indicated in section 421.

2. Same.

The law, allowing judgment to be entered upon a recognizance in the city of New York under an order of forfeiture, constitutes a part of the undertaking signed by the party contracting as though explicitly written out in it, and by signing it the defendant consents that, in case of forfeiture, judgment may at once be perfected thereon upon which a general execution may issue.

3. Same.

Limitation in section 421 of the Code was not intended to protect a judgment debtor, who is personally and generally liable, against whom a general execution issues and all of whose property is bound by it.

Appeal from order of the general term of the court of common pleas for the city and county of New York, which affirmed an order of special term vacating and setting aside an order for the examination of defendant John Cahill in proceedings supplementary to execution.

Said Cahill, as surety with the defendant Thomas G. Cowan, entered into a recognizance for the appearance of the latter at the court of general sessions in and for the city and county of New York at a time fixed. Cowan having failed to appear at that time, an order was entered declaring the recognizance forfeited and thereafter judgment was docketed thereon and an execution issued which was returned unsatisfied. An order was subsequently obtained for the examination of Cahill in

proceedings supplementary to execution, upon an affidavit which alleged the facts above set forth and also that no part of said judgment had been paid.

Forbes Hennessy, for appellant.

Benjamin Yates, for respondent.

FINCH, J.—We are of the opinion that the order for the examination of the judgment debtor in proceedings supplementary to execution was properly granted and should not have been vacated. The ground taken by the courts below is that such an examination is prevented by the limitation of the Code (section 2458); that "the judgment must have been rendered upon the judgment debtor's appearance or by a personal service of the summons upon him." The purpose and scope of that limitation is quite plain. There are cases in which a formal judgment is rendered in which, nevertheless, the apparent debtor is not generally and personally liable, for the lack of appearance or service of a summons, as actions begun by attachment or against joint debtors where some only have been served, in which the liability is confined to some specific property and does not end in a general execution. Manifestly, in such cases the defendant, affected only by the lien upon the specific property charged, and not personally liable beyond that, should not be subjected to the supplementary proceedings. But the limitation was not intended to protect a judgment debtor who is liable personally and generally, against whom a general execution issues, and all whose property is bound by it. There is no reason for a discrimination abong debtors of that class and character. The peculiarity of a judgment on a recognizance in New York city does not make it one entered without appearance or service of a summons. These describe the two modes by which a court acquires jurisdiction of the person. One is voluntary, the other compulsory. In one the party by his consent submits himself to the jurisdiction; in the other he is brought into court against his will. To say that one who has neither submitted to the jurisdiction nor been subjected to it by service of a summons, may yet be liable to a personal

judgment at the hands of the court would be to make judicial authority boundless. By the word "appearance" as used in section 2458 is meant the voluntary submission to the jurisdiction in whatever form manifested, and not the mere narrow and technical meaning, well enough in its place, indicated in section 421. That relates to an appearance after service of the summons and does not describe one which is altogether voluntary. One who confesses a judgment does not "serve a notice of appearance or copy of an answer or demurrer," and yet he certainly appears by his voluntary consent to the entry of the judgment. We have held that the law permitting judgment to be entered upon a recognizance in the city of New York after an order of forfeiture constitutes a part of the undertaking signed by the party contracting as if explicitly written out in it, and that by signing it the defendant consents that in case of forfeiture judgment may at once be perfected thereon upon which a general execution may issue. People v. Quigg, 59 N. Y. 83. Such written consent to the entry of judgment constitutes a voluntary appearance in the action and submission to the jurisdiction, and does not exclude the right of the creditor to institute supplementary proceedings.

The original order should stand and the order vacating it and the affirmance by the general term, be reversed, with costs.

All concur.

Ordered accordingly.