PEOPLE v. PERNETTI.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. APPEAL—JUDGMENT BY CONSENT—RECOGNIZANCE—FORFEITURE.

Consolidation Act (Laws 1882, p. 370, c. 410) § 1480, provides that all recognizances shall on forfeiture be filed by the district attorney, together with a certified copy of the order forfeiting the same, with the clerk, who shall docket the same as if it were a transcript of a judgment record for the amount of the penalty, and the recognizance and the certified copy of the order shall be the judgment record. Section 1482 (page 371) provides that the court, upon the certificate of the district attorney, may by order vacate any judgment upon the forfeiture of a recognizance; and section 1483 (page 371) provides also for the vacating of such a judgment. Section 1484 (page 371) declares that the clerk of the county where such a judgment is docketed, upon receipt of a duly certified copy of an order vacating or modifying such a judgment, shall enter the same upon his docket, and the judgment referred to shall thereupon be vacated, remitted, or modified. A recognizance contained a stipulation that the principal and surety agreed that if the undertaking should be forfeited judgment should be entered on a copy of the order being filed in the office of the clerk. *Held,* that a judgment entered on an order forfeiting the recognizance was a judgment by consent and not appealable.

2. SAME—MOTION TO VACATE.

The principal and surety had a right to move to vacate the order forfeiting a recognizance and the judgment entered thereon.

3. SAME—ORDER DENYING MOTION—CONCLUSIVENESS.

An order denying a motion to vacate a judgment entered on forfeiture of a recognizance and not appealed from is binding on the surety.

Appeal from Court of General Sessions, New York County.

Maria G. Pernetti and another entered into a recognizance which was declared forfeited, and, from a judgment entered upon the order declaring such forfeiture, said Pernetti appeals. Appeal dismissed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Amos H. Evans, for appellant.
Robert C. Taylor, for respondent.

INGRAHAM, J. The appellant, with one Messina Genova, who had been arrested upon a charge of homicide, entered into a recognizance whereby they jointly and severally undertook "that the above-named Messina Genova shall appear to answer the charge above named, in whatever court it may be prosecuted, and shall at all times

render himself amenable to the orders and process of the court, and if convicted shall appear for judgment and render himself in execution thereof; or, if he fail to perform either of these conditions, that he will pay to the people of the state of New York the sum of fifteen hundred ($1,500) dollars." At the foot of this recognizance there was signed by the principal, and the defendant as surety, a stipulation whereby the said principal and surety agreed and consented, "in case said undertaking shall be forfeited, that a copy of the order of the court forfeiting the same, together with this undertaking, be filed in the office of the clerk of the county of New York, and that judgment may be entered for the several sums set forth in said undertaking, and that execution issue forthwith thereon according to law." This recognizance was, by an order of the Court of General Sessions, dated the 29th day of June, 1903, forfeited, and it was further ordered that the recognizance, "together with a certified copy of this order, be filed in the office of the clerk of the county of New York, and that judgment be entered thereon according to law, against the said Antonio Messina Genova, the defendant above named, and the said Maria G. Pernetti, his surety, for the several sums set forth in said recognizance." No judgment entered upon this recognizance appears in the papers upon which this appeal was heard; but there is a notice of appeal by which the defendant appeals to this court from the judgment entered on the 30th of June, 1903, in favor of the plaintiff, and against the defendant, for the sum of $1,500, and that on said appeal the defendant would ask the court to review the direction or order of the Court of General Sessions of the Peace, made and entered in said court on the 29th day of June, 1903, directing the forfeiture of the undertaking signed by the defendant.

There is nothing to review upon this appeal, as it does not appear that any judgment was ever entered upon the order forfeiting the recognizance. The district attorney, upon notice, moved to dismiss the appeal, and from the papers submitted on that motion it appears that after the entry of this order forfeiting the recognizance a judgment was duly entered in the office of the clerk of the Supreme Court, based upon the order forfeiting the recognizance, and the stipulation of the parties thereto in favor of the people against the principal on the undertaking and his surety; that after that judgment was entered the defendant made a motion to vacate that judgment, based upon the same ground as is presented upon this appeal, which motion was denied by the Special Term of the Supreme Court; and that from that order entered upon the denial of that motion no appeal was taken. This judgment was entered under the provisions of section 1480 of the consolidation act (chapter 410, p. 370, Laws 1882). That section provides that:

"All recognizances given to answer to a charge preferred * * * on being forfeited, shall be filed by the district attorney, together with a certified copy of the order of the court forfeiting the same, in the office of the clerk of the said city and county, and thereupon the said clerk shall docket the same in the book kept by him for the docketing of judgments, transcripts whereof are filed with him as such clerk, as if the same was the transcript of a judgment record for the amount of the penalty, and the recognizance, and the certified copy of the order forfeiting the recognizance, shall be the judgment record."

Section 1482 of the consolidation act (page 371) provides that:

"The Court of Common Pleas, upon the certificate of the district attorney, * * * may, upon such terms as are just, by order, vacate and set aside any judgment heretofore entered, or that may be hereafter entered, upon the forfeiture of such recognizance against· such principal or surety, or either of them."

And by section 1483 (page 371) a judge presiding at the Court of General Sessions of the Peace in·and for the city and county of New York, or any justice presiding at the Court of Oyer and Terminer in said county, may, upon ·a certificate of the district attorney, by order, vacate and set aside or modify any judgment entered upon the forfeiture of such recognizance. By section 1484 (page· 371) it is provided that the clerk of the county where said judgment is docketed, upon the receipt of a duly certified copy of the order of such court vacating or modifying such judgment, shall enter the same upon his docket, and the judgment referred to in said order shall thereupon be and become vacated, remitted, or modified, in accordance with the terms of said order.

These provisions were before the Court of Appeals in the case of People v. Quigg, 59 N. Y. 83, where it was held that this was in effect a judgment by consent. The court there said:

"By the recognizance the defendants acknowledged an indebtedness to the people in the sum named, subject to a defeasance, and consented that upon a failure to perform the condition the debt should become absolute, and might . be made a debt of record and judgment perfected thereon, which should be a lien upon real property, and upon which execution might issue as upon other judgments for the recovery of a sum certain." ·

And subsequently, in the case of People v. Cowan, 146 N. Y. 348, 41 N. E. 26, the Quigg Case was followed, the court saying:

"The peculiarity of a judgment on a recognizance in New York City does not make it one entered without appearance or service of a summons, * * * and that by signing it [the consent to judgment] the defendant consents that, in case of forfeiture, judgment may at once be perfected thereon, upon which a general execution may issue. Such written consent to the entry of judgment constitutes a voluntary appearance in the action and submission to the jurisdiction, and does not exclude the right of the creditor to institute supplementary proceedings."

This judgment, therefore, having been entered by the consent of the appellant, which expressly authorized the clerk to enter the·judgment upon filing an order of the court forfeiting the recognizance, and that order having been filed, the judgment as entered was a judgment by consent, from which it is quite clear there was no appeal. The order forfeiting the recognizance being ex parte, the defendant had a right to move to vacate it if unauthorized. The defendant also had a right to move to vacate the judgment if unauthorized. The defendant made the latter motion, and was unsuccessful, and from the order denying that· motion no appeal was taken, The right of the defendant to have the judgment vacated was on that application definitely. determined, and that determination, being unreversed, is a binding adjudication upon the defendant. So far as appears by this record, the order forfeiting the recognizance was not justified, as it does not ap-

pear that the principal was ever called upon to answer the charge of homicide, and the liability of the surety was conditioned upon his failure to appear and answer that charge. But, for the reasons stated, this question cannot be considered on this appeal.

It follows that the motion made by the district attorney to dismiss the appeal must be granted. All concur.