FRANK E. MALONE, *Plaintiff in Error*, v. EARNEST MERES, AS RECEIVER OF THE SPONGE EXCHANGE BANK OF TARPON SPRINGS, *Defendant in Error*.

Division B.

Opinion Filed March 12, 1926.

*Wm. W. Flournoy*, for Plaintiff in Error;

*McKay & Withers*, for Defendant in Error.

PER CURIAM.—In an action upon promissory notes providing for the payment of specific sums and for "a reasonable attorney's fee," a plea of the defendant was stricken as frivolous and judgment by default was rendered by the court, and in vacation on September 14, 1923, the court upon an inspection of the notes rendered final judgment for the plaintiff on the promissory notes, for the amounts due thereon and for reasonable attorney fees as provided for in the notes. No writ of error was taken to the judgment.

On April 16, 1924, the court denied motions to vacate the final judgment and stay the execution, the ground of the motion being that the final judgment is void as having been rendered without jurisdiction. Defendant took writ of error to the order denying the motion to vacate the judgment as being void.

Sections 2531, 2630 and 4854, Revised General Statutes, 1920, are as follows:

"2351. The judges of the several courts are hereby authorized and empowered to exercise in vacation any jurisdiction or power they are now authorized and empowered to exercise in term time; but when the exercise of such power shall require the intervention of a jury it shall not be exercised except in cases specially provided, unless all parties agree in writing to waive a jury.

"This section shall not be construed to require any judge to go out of the county in which he may be during vacation."

"2620. In all cases standing upon the docket at the calling of the same, to which there is no plea or demurrer filed, the court shall, upon motion of the plaintif, or his attorney, give a default, and may immediately refer the same to a jury to assess the damages; but if the said action be founded upon and of the demands mentioned in Section 2622 the court may direct the clerk, or the court may itself, if it has no clerk, proceed to assess the damages and enter judgment and to issue execution accordingly."

"2622. Upon the entry of any default for want of appearance or for want of demurrer or plea in any suit for the recovery of money founded upon contract, if the action is on a written instrument for the payment of money, the plaintiff at any time after such default may on the production and filing of such instrument cause final judgment to be entered for the amount thereof, with interest, and the clerk of the court (or the judge, if the court has no clerk,) shall assess the amount which the plaintiff is entitled to recover for the principal and interest, and enter up judgment for the same, upon which judgment execution shall issue immediately unless otherwise ordered by the court. And if the action is upon an open account, or other contract for the payment of money not in writing, upon the

entry of a default as aforesaid, the clerk (or the judge, if the court has no clerk,) shall ascertain the amount which the plaintiff is entitled to recover in such action from the examination of the plaintiff under oath, or other proofs by affidavit or otherwise, and enter up judgment for the amount so assessed or ascertained, upon which judgment execution shall issue as aforesaid.''

''4854. This chapter shall not be so construed as to prevent provision for the payment of such attorney's fees as the court may determine in cases brought before the court to be reasonable and just for legal services rendered in enforcing non-usurious contracts, either at law or in equity; Provided, That no attorney's fees shall be allowed in any court of the justice of the peace for a sum to exceed five dollars; Provided further, That this chapter shall not be construed so as to prohibit mortgagees from contracting for or collecting premiums for insurance actually issued on the property mortgaged, with the usual loss payable or mortgage clause attached thereto; Provided further, That it shall not be necessary for the court to adjudge an attorney's fee, provided in any note or other instrument of writing, to be reasonable and just, when such fee does not exceed ten per cent of the principal sum named in said note, or either instrument in writing.''

The question presented is the authority of the judge to enter a final judgment in vacation and without the intervention of a jury, on an unliquidated demand, *viz.*, a reasonable attorney fee provided for in a promissory note.

The defendant being in default and not asking for a jury to ascertain the amount of reasonable attorney fees, there was no unlawful denial of the right to a jury trial; and as the judge had statutory power ''to exercise in vacation any jurisdiction or power'' when the exercise of such power

shall not "*require* the intervention of a jury," and as the statute authorizes the entry of a final judgment for the amount due on a promissory note after a default judgment and also contemplates that the court shall adjudge the reasonableness of an attorney fee stipulated for in non-usurious contracts, the action of the *judge* in vacation in finding and adjudicating, upon evidence taken, the amounts due on the notes and also a reasonable attorney fee that was made a part of the final judgment on the notes, does not render the final judgment *void,* and no writ of error was taken to the final judgment as rendered, therefore such final judgment is binding on the parties thereto and is not subject to be vacated on motion, no fraud being shown. Whatever the clerk of the court may do under the statute, the judge of the court may do; and besides this the judge has judicial powers under the constitution as well as pursuant to statutes. A jury trial to determine what is a reasonable attorney fee may be permissible, but it is not *required.*

The final judgment not being void, the order denying the motion to set aside the final judgment and to vacate the execution issued on the judgment, is affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.