W. A. FARISS AND F. P. FARISS, PARTNERS TRADING AS FARISS & FARISS, *Plaintiffs in Error*, v. R. W. HOLLY, R. J. HOLLY AND FORREST LAKE, *Defendants in Error*.

Opinion Filed February 24, 1928.

*Giles F. Lewis,* for Plaintiff in Error;

*DeCottes & Spencer,* for Defendants in Error.

WEST, Circuit Judge:

This is an action of replevin to recover possession of an automobile. Upon a trial there was a verdict for plaintiffs and judgment thereon, adjudging that plaintiffs recover from defendant the automobile sued for, and from the sureties on a statutory forthcoming bond filed by defendant, the value of the automobile as found in the verdict of the jury. The date of the judgment is January 12, 1927. Thereafter, on February 4, 1927, upon motion presented on behalf of the sureties on the bond, the judgment as to them was, by order of the court, "annulled, vacated and set aside." But as to the defendant, the judgment was adjudged to be and "remain in force and effect," and it was so ordered. The order annulling and vacating the judgment as to the sureties does not state or recite the grounds upon which it was based. The several grounds urged against its validity may be classified as: First, the obligation of the sureties was to have the property forthcoming at the trial, not the payment of its value; second, no notice was given to or received by the sureties of the docketing of the case for trial, in accordance with a rule of court requiring such notice; and third, the designated obligee in the bond was the sheriff of the county who executed the writ, not the plaintiffs.

On May 16, 1927, upon application of plaintiffs, writ of error was issued from this Court, bringing here for review the "judgment" of the trial court.

There is no bill of exceptions. So that the proceedings at the trial are not in the transcript of the record filed here. Whether the sureties had notice of the docketing of the case for trial, or whether they were present or represented at the trial, or what evidence was offered by any party respecting any question presented and passed upon, or upon the issues made by the pleadings, is not disclosed, except in part by affidavits submitted upon the application to vacate and set aside the judgment as to the sureties of the bond.

The judgment is in proper form and is, in all respects. in plaintiff's favor. Neither the *praecipe* for the writ of error nor the writ of error specifies the "judgment" sought to be reviewed, but manifestly, it is not the judgment in their favor.

The assignments of error challenge the order vacating and setting aside the judgment against the sureties on the bond, and allege that in entering it the court erred. The writ of error, therefore, is referable to this order and not the judgment. Is this order such a final judgment as will support a writ of error?

In Malone v. Meres, 91 Fla. 490, 107 South. Rep. 625, the writ of error was to an order denying a motion to vacate a judgment previously entered in the case. No question was made on the point, but on writ of error the Court took jurisdiction and considered the case on its merits. The order denying the motion to vacate the judgment was assumed to be a final judgment in the sense required to sustain a writ of error.

In the case under consideration, the order sought to be reviewed, if allowed to stand, deprives the plaintiff of his judgment against the parties, upon the faith of whose obligation the property sought to be recovered was surrendered, and of the protection it was designed to afford. It is considered such a final judgment as will support a

writ of error. If not reviewed, it will be made final by the Court's refusal to do so. Hirsh Co. v. Scott, 87 Fla. 336, 100 South. Rep. 157, was an appeal, but the reasoning and conclusion reached are applicable.

The undertaking in the forthcoming bond filed by the defendant is in substantially the form required by the statute. The bond is conditioned that the property replevined shall be "forthcoming upon the trial of such case to abide the final order of the court." 3488, Rev. Gen. Stat. Upon a verdict for plaintiff, in the form returned in this case, the judgment mandatorily required to be entered against the defendant and the sureties on the forthcoming bond filed when the replevined property is returned to the defendant, is prescribed by statute. 3493, Rev. Gen. Stat.; Johnson v. Clutter Music House, 55 Fla. 385, 46 South. Rep. 1; Evans et al. v. Kloeppel, 72 Fla. 267, 73 South. Rep. 180. The judgment in this case is in conformity with the requirements of the statute. Not to have entered it would have been error.

It is contended that the sureties on the bond were entitled to notice under a rule requiring notice to adversary parties of the docketing of a case for trial. They are quasi-parties, it is true, but not parties to the action in a strict legal sense. They had assumed an obligation for and on behalf of the defendant, who was the principal, and in doing so they submitted themselves to the consequences prescribed by law of such suretyship.

In Evans et al. v. Kloeppel, supra, defining the obligations assumed by sureties on forthcoming bonds in actions of replevin, the Court, speaking through Mr. Justice ELLIS, said: "By becoming sureties upon the bond they submit themselves to the acts of the principal and to the judgment as itself a legal consequence falling within the suretyship. They are represented in the proceedings by their principal, are bound by his acts and are quasi-parties to the suit.

They thus have their day in court being by their act conclusively bound by the judgment against their principal to the exclusion of all defenses that were or might have been set up by him. (Citing cases.) The effect of our statute is merely to declare that a forthcoming bond shall have on a successful maintenance of the suit by the plaintiff the force and effect of a judgment and that execution may immediately issue thereon. In this view of the law the old and the new statutes are not different. Under the latter the sureties are deprived of no rights that they may have exercised under the former. The great weight of authority is to the effect that the surety by signing the undertaking becomes a quasi-party to the suit and is held to have notice of all the proceedings thereafter in the suit that may affect the liability on the undertaking.''

The failure to give notice of steps in the action to sureties on such bond, required by a rule of court to be given to ''parties,'' will not vitiate proceedings thereunder, nor require that orders made without such notice be vacated and set aside on motion.

The statute prescribing the procedure for return of property to defendant pending suit, upon his giving a forthcoming bond, does not prescribe the form of the bond nor indicate who shall be the obligee in such a bond. The important thing is the obligation to have the property forthcoming to abide the result of the suit. In the bond in this case the undertaking is such as the statute prescribes. The property is accurately described and the action in which the bond is filed is identified. There is no mistaking that the sureties on this bond obligated themselves, when they signed it, to have the property replevined and retaken by the defendant forthcoming in this action, as required by law and the terms of the bond. If there were a mistake in naming the obligee (which it is not nec-

essary here to decide) it is not such a defect as to release the sureties from their obligation.

Proceedings taken in the case subsequent to the writ of error are not here for review.

The order to vacate and set aside the judgment was error and should be reversed.

Reversed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is .considered, ordered and adjudged by the Court that the judgment of the Circuit Court in this cause be, and the same is hereby, reversed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.