I. G. ARCHIBALD, trading as ARCHIBALD FURNITURE CO.,
*Plaintiff in Error,* v. W. G. DONALD, *Defendant in Error.*
FRED F. WOOLEY and CLARE C. HOSMER, *Sureties.*

Division B.

Opinion filed October 18, 1929.

*Will O. Murrell,* for Plaintiff in Error;

*Burket & Fish, F. W. Dart* and *F. C. Dart,* for Defendants in Error.

BUFORD, J.—In this cause a judgment was obtained against one Donald in the Circuit Court of Sarasota County. Execution was issued on the judgment and was levied on certain personal property described in the return. The property was advertised for sale.

Donald, wishing to retake the property, gave a forthcoming bond, which was executed by Donald as principal, and Fred F. Woolley and Clare C. Hosmer as sureties. The bond was filed in the office of the clerk of the circuit court. On the day of sale the sheriff made his return on the bond showing that the property had not been forthcoming accord-

ing to the obligation of the bond. The bond was given under the provisions of Section 2825, Rev. Gen. Stats. of Fla., Section 4512, C. G. L., which is as follows:

"If a defendant in execution desires to retake into his possession any property levied upon he may do so, by executing a bond with two good and sufficient sureties payable to the plaintiff, to be approved by the officer making the levy, in a sum double the value of the property retaken, which value shall be fixed by the officer holding the execution, conditioned for the forthcoming of the property retaken on the day of sale designated in said bond."

The sheriff made his return and judgment was entered against the sureties and execution issued under provisions of Section 2826, Rev. Gen. Stats. of Fla., Sec. 4513, C. G. L., which is as follows:

"Should the execution remain unpaid, and the parties to the bond fail to produce such property by the day specified, said bond shall be returned to the court from which the execution issued, as forfeited; and the clerk, or the court if it has no clerk, shall enter up judgment forthwith against the sureties for the value fixed as aforesaid of the property so bonded, or if the value of the property exceed the amount of the execution, then for the amount of the execution, and execution shall issue therefor. Such proceedings shall not affect the liability of the principal upon the original judgment."

A motion was made by the sureties to vacate and set aside the judgment and cancel the execution, which motion was granted and judgment rendered thereon, the pertinent part of which was as follows:

"That on the 21st day of September, 1927, said Fred F. Woolley, one of said sureties mentioned in said purported judgment and in said execution filed his motion for a stay of said execution and for the suspension of the proceedings thereon, and gave his reasons therefor, all of which will fully appear by said motion, several of said reasons being that no valid legal judgment has been granted or entered of record in said cause against said Fred F. Woolley and Clare C. Hosmer as sureties that no action has been brought upon said forthcoming bond nor have the parties to said forthcoming bond, to-wit, the principal and sureties thereon, had their day in court as to any liability on said bond nor have they had any chance to present their side of the cause or any defense which they may have had as to their liability upon said bond, that the execution issued on September 19th, 1927, against Fred F. Woolley and Clare C. Hosmer as sureties on said forthcoming bond was not issued or based upon any valid legal judgment against said Woolley and Hosmer, and was issued without authority of law and that Section 2826 of the Revised General Statutes of Florida of 1920 is unconstitutional in allowing the entering up of judgment forthwith *ex parte* against the sureties thereon without any trial thereon and without giving them a chance to be heard in court, and that it is further unconstitutional in that it violates Sections 1, 3 and 12 of the Bill of Rights of the Constitution of Florida, and also Section 1 of the Fourteenth Amendment of the Constitution of the United States.

"The court further finds that the grounds of said motion for a stay of said execution and the pleadings thereon are well taken upon the constitutional questions raised, that said sureties Fred F. Woolley and Clare C.

Hosmer, have never had their day in court as to any liability upon said bond, that said execution issued under date of September 19th, 1927, was not issued or based upon any valid legal judgment against said Fred F. Woolley and Clare C. Hosmer, sureties, as aforesaid, that said judgment entered on September 13th, 1927, and appearing of record in the Circuit Court Minute Book 3, upon pages 133-134 of the Public Records in the office of the Clerk of the Circuit Court of Sarasota County, Florida, is invalid, void and of no effect, same having been entered against said sureties without their having ever had their day in court or ever having any chance to present any defense which they might have had in said matter, and that Section 2826 of the Revised General Statutes of Florida 1920 is unconstitutional in that it allows the entering up of a judgment forthwith *ex parte* against sureties upon bonds without giving them a chance to be heard in court, without any notice that same will occur and that said Section 2826 of the Revised General Statutes of Florida of 1920 violates Sections 1, 3 and 12 of the Bill of Rights of the Constitution of Florida and also violates Section 1 of the Fourteenth Amendment to the Constitution of the United States.

"IT IS THEREUPON ORDERED AND ADJUDGED by this court that said execution issued on September 19th, 1927, in this cause against Fred F. Wooley and Clare C. Hosmer as sureties upon said forthcoming bond based upon said purported judgment of September 13th, 1927, which said judgment appears of record in Circuit Court Minute Book No. 3 upon pages 133 and 134 of the Public Records of Sarasota County, Florida, in the office of the Clerk of the Circuit Court of said county, be stayed and said I. G.

Archibald trading as Archibald Furniture Company, his agents, attorneys and employees and said L. D. Hodges as sheriff of Sarasota county, Florida, and his deputies and his successors in office are hereby forever stayed from executing the writ of execution in the above entitled cause, dated September 19th, 1927, against Fred F. Woolley and Clare C. Hosmer as sureties upon the forthcoming bond aforesaid.

IT IS FURTHER ORDERED AND ADJUDGED that said purported judgment bearing date of September 13th, 1927, and appearing in Circuit Court Minute Book No. 3 upon pages 133 and 134 of the Public Records of Sarasota County, Florida, in the office of the circuit court of said county be and the same hereby is vacated, set aside and declared null and void and of no effect for the reasons heretofore set out in this order, upon the authority of Coe v. Armour Fertilizer Works, 237 U. S., page 413; 59 L. Ed. 1027.''

This case is differentiated from the case of Coe v. Armour Fertilizer Works, 237 U. S. 413, 59 L. Ed. 1027, in that in the case above cited execution was issued against a stockholder in a corporation when such stockholder had not by any means or method been brought within the jurisdiction of the court entering the judgment and execution and, therefore, it was held that the judgment was entered against such stockholder in derogation of the Fourteenth Amendment to the Federal Constitution. While in the instant case the sureties and now judgment debtors submitted themselves to the jurisdiction of the court by coming into court, making and executing a bond under the statute law of this State and causing the same to be filed in the cause then pending in such court.

By executing and filing such bond, the sureties accepted the terms of the statute above quoted as a part of their con-

tract and agreement and, by causing the bond to be filed in the cause then pending, they voluntarily made themselves parties to such cause and brought themselves within the jurisdiction of the court for the purpose of the application of the statute in this regard.

The judgment of the circuit court should be reversed upon the authority of the opinion in the case of Fariss et al. v. Holley et al., 95 Fla. 360, 116 So. R. 763, and authorities there cited, and it is so ordered.

Reversed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.