JOHN L. HOFERD and Another, Plaintiffs, *v.* CHARLES W. OSTER and Others, Defendants.

County Court, Oneida County, November 9, 1933.

*Pliny F. Moore,* for the third party and the motion.

*Larkin & Gualtieri,* for the judgment creditors, opposed.

HAZARD, J. The above-entitled action was a mortgage foreclosure and a deficiency judgment amounting to $4,123.84 was rendered therein. Upon that judgment an order in supplementary proceedings directing the examination of a " third party " was granted by me and this is a motion to vacate that order upon the ground that the above-named defendants are non-residents of the State of New York and that, therefore, the judgment is not such a one as will support these proceedings. Upon the argument of the motion the preliminary objection was made that this " third party " was not in a position where he could raise such a question or attack the judgment herein collaterally. We, therefore, have to decide, *first,* whether such a judgment as this one will support

supplementary proceedings, and *second*, whether a party upon whom a " third party " order in supplementary proceedings is served may collaterally attack the judgment. Taking up the first question, we find that section 775 of the Civil Practice Act provides that in order to maintain a proceeding of this sort the judgment " must have been rendered * * * upon the judg-ment debtor's appearance or personal service of the summons." It appears that the summons was served upon the defendants Oster personally, but *without the State of New York*, and thus, apparently, all we have to decide is as to whether a personal service made without the State of New York meets the requirements of section 775 of the Civil Practice Act. One might expect that numerous decisions on that point might be found, but nothing very directly bearing on it has been cited, and I have been unable to find a case very squarely in point. Perhaps the case coming the nearest to being in point is that of *Schwinger* v. *Hickok* (53 N. Y. 280), in which it was decided that the Supreme Court had no power to render a personal judgment against a mortgagor in a foreclosure action " where the mortgagor is a non-resident and has neither appeared in the action nor been served with process within the State," and the court said (at p. 284), " personal service of process, in a legal sense, of the courts of a State cannot be made in another State;" and on the same page, " the judgment rendered in such a case is essentially a judgment *in rem*." This would seem to be authority for the proposition that the personal service referred to by section 775 means personal service of a summons *within this State*, and this ruling seems to be in conformity with the definition of " personal service of summons upon a natural person " contained in section 225 of the Civil Practice Act, which provides that it must be made " by delivering a copy thereof *within the state*."

However, the case of *People* v. *Cowan* (146 N. Y. 348) holds that an order in supplementary proceedings is properly granted upon the judgment entered against the defendant upon a recognizance, meaning a bond in a criminal case, in which judgment was entered without service of any process. Supposedly (under section 595 of the Code of Criminal Procedure) the court held that " the law permitting judgment to be entered upon a recognizance in the city of New York after an order of forfeiture constitutes a part of the undertaking signed by the party contracting as if explicitly written out in it, and that by signing it the defendant consents that in the case of forfeiture judgment may at once be perfected thereon upon which a general execution may issue," and this raises a question whether a similar inference may be drawn in

the case of a bond accompanying a mortgage. When the judgment herein was entered on January 3, 1933, as the law then stood, a judgment for any deficiency would be entered as a matter of course on the referee's report, and there seems a close analogy between such a situation and that of signing a bond in a criminal case. I think, however, this distinction is to be observed: that whereas the law permits the entering of a judgment on a defaulted recognizance or bond without action, it does not permit the entering of a deficiency judgment without action and it would be extending the doctrine of the case we are considering beyond bounds to hold that consent to entering a deficiency judgment had been signified by signing a bond and mortgage.

It, therefore, seems clear to me that we must decide that the judgment of foreclosure and sale herein was purely and simply a judgment *in rem*, and that a resulting judgment for deficiency is not a personal judgment upon which supplementary proceedings can be maintained. It has been held in *Matter of Maltbie* v. *Lobsitz Mills Co.* (223 N. Y. 227, at p. 233) that supplementary proceedings cannot be maintained on a judgment *in rem*.

The remaining question as to whether this moving party, who as a " third person " has been summoned to testify in supplementary proceedings, may attack this judgment collaterally and raise the question as to its goodness, is, I think, decided by the case of *Nankivel* v. *Omsk All Russian Government* (237 N. Y. 150, at p. 158) in the affirmative, and I think that decision is clearly controlling here.

The motion to vacate the order herein will be granted and an order may be prepared accordingly.