**STATE OF FLORIDA ex rel. FULTON BAG AND COTTON MILLS,** a corporation, v. A. J. BURNSIDE, as Clerk of Circuit Court of Pasco County, Florida, and ex officio Clerk of County Court of Pasco County, Florida.

15 So. (2nd) 324
October 19, 1943
Rehearing Denied November 9, 1943

June Term, 1943
Division A

*Raymond C. Smith* and *Thompson H. Getzen,* for appellant.

*J. D. Geiger,* for appellee.

CHAPMAN, J.:

The Fulton Bag and Cotton Mills, a corporation, on April 9, 1936, obtained a judgment in the County Court of Pasco County, Florida, against J. A. Carver, doing business as J. A. Carver and Company, for the sum of $452.21, and costs, when the same was duly recorded in the office of the Clerk of the Circuit Court of Pasco County, Florida. Execution issued thereon and a levy on designated personal property made by the Sheriff of Pasco County, when J. A. Carver and Company, as principal, and D. D. Covington and F. J. DeLong, as sureties filed their forthcoming bond under the provisions of Sections 55.34-55.35, Fla. Stats. 1941.

The conditions of the forthcoming bond were viz:

"The Condition of this obligation is such that whereas C. E. Dowling, Sheriff of said County, by virtue of an examination in favor of Fulton Bag and Cotton Mills, a corporation, against J. A. Carver, doing business as J. A. Carver and Company, has levied upon the following property: Seven Hundred Fifty field crates and material for making One Thousand Five shipping crates, of the total value of One Thousand Forty Five Dollars and Seventy-five cents, and J. A. Carver, doing business as J. A. Carver and Company, wishes to replevy the same now, if the said J. A. Carver doing business as J. A. Carver and Company, shall have the said prop-

erty forthcoming at Dade City, Florida, on the 6th day of July, A. D., 1936, then this obligation to be void; else to remain in full force and virtue."

On July 8, 1936, the sheriff of Pasco County, in the case at bar, certified to the Clerk of the County Court of said County the forthcoming bond, and made known to the Clerk that the principal and the sureties of the bond failed and otherwise omitted to produce the property levied upon; neither was the same forthcoming on July 6, 1936, according to the terms and conditions thereof; neither had the execution then in his hands issuing on said judgment been paid in whole or in part.

On the foregoing certification of the sheriff of said county, the Clerk of the County Court of Pasco County, Florida, on July 6, 1936, entered a judgment on the forthcoming bond in favor of Fulton Bag and Cotton Mills against the sureties, D. D. Covington and F. J. DeLong, for the sum of $452.91, with costs.

On March 11, 1938, several months after the date of entry of the judgment against the sureties, the principal and sureties by counsel moved the court to vacate and set aside the judgment and cancel the execution issuing thereon on grounds viz: (1) the bond was never approved as required by law; (2) the sheriff had never made a return on the bond; (3) the value of the property levied upon was never fixed or settled by the sheriff; (4) the return as made by the sheriff on the forthcoming bond relieved the sureties of all obligations thereunder; (5) the property described in the forthcoming bond was not advertised by the sheriff for sale under the execution; (6) the property levied upon and described in the bond was by the sureties redelivered to the sheriff and the conditions of the bond satisfied; (7) the judgment bearing the signature of A. J. Burnside, Clerk of the Circuit Court of Pasco County, Florida, and ex officio Judge of the County Court of Pasco County ipso facto makes the judgment a nullity. An affidavit was attached to the motion to vacate.

On April 16, 1938, an order was made and entered by the Honorable O. L. Dayton, County Judge of Pasco County, sus-

taining the motion to set aside and vacate the judgment against the sureties and likewise cancelled the execution previously issued on the said judgment. During the year 1942 Fulton Bag and Cotton Mills requested or demanded of Honorable A. J. Burnside, Clerk, that he issue a writ of execution on the judgment entered against the sureties and on his refusal so to do by petition applied to the Circuit Court of Pasco County for an alternative writ of mandamus, which, after amendment, issued and was duly served on the respondent Burnside.

The answer or return of the respondent to the amended alternative writ was to the effect: (1) the respondent clerk was without authority to enter the judgment dated July 8, 1936, against the sureties; (2) that the sureties were relieved of the obligation of the bond because they redelivered to the sheriff the property levied upon; (3) the sheriff failed to fix the value of the property levied upon (4) that the respondent was not the Judge of the County Court of Pasco County, but only the clerk; (5) the forthcoming bond was never approved by the sheriff; (6) the order dated April 16, 1938, by the County Judge of Pasco County vacating the judgment and cancelling the execution thereon renders the issues res adjudicata; (7) the remedy of the petitioner was an appeal from the order dated April 16, 1938; (8) the sureties are not parties to this mandamus proceeding; (9) that no lawful purpose can be served by issuing an alias writ of execution; (10) the petitioner has an adequate remedy at law. From an order denying the petitioner's motion to strike the several paragraphs of the answer or return on the theory that the same when considered in its entirety failed to constitute a defense to the issuance of a peremptory writ as prayed, an appeal therefrom has been perfected here.

It is settled law that where it appears that a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard as required by law, errors or irregularities, or even wrong doing in the proceedings, short of an illegal deprivation of an opportunity to be heard, will not render the judgment void. See Malone v. Meres, 91 Fla. 709, 109 So. 677. A judg-

ment although iregular in form, entered by a court having jurisdiction of the subject matter and the parties, is conclusive so long as unreversed and cannot be attacked collaterally. See Ponder v. Mosely, 2 Fla. 207, 48 Am. Dec. 194; Crosby v. Burleson, 142 Fla. 443, 195 So. 202.

Likewise it is setled that a judgment rendered in a civil action may be collaterally attacked or impeached and set aside on a bill in equity, when it is alleged and proven that the judgment was obtained by fraud or collusion. See Ryan Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483; Skipper v. Schumacher, 124 Fla. 384, 169 So. 58; Crosby v. Burleson, *supra*. For the rule applicable to final decrees see State ex rel. Lorenz v. Lorenz, 149 Fla. 625, 6 So. (2nd) 620.

The County Court of Pasco County, Florida, acquired jurisdiction of D. D. Covington and F. J. DeLong, sureties on the forthcoming bond when they voluntarily made themselves parties to the cause by signing the bond and delivering the same to the sheriff of Pasco County. They submitted themselves to the jurisdiction of the court for all the purposes enumerated in Sections 55.34-55.35, *supra*. The entry of the judgment on the bond by the County Court of Pasco County was free from error. See Farris v. Holly, 95 Fla. 360, 116 So. 763; Archibald v. Donald, 98 Fla. 698, 124 Fla. 175.

The motion to vacate and set aside the judgment against the sureties and to cancel the execution issued thereon made March 11, 1938, failed to sustain the charge of fraud or collusion within the previous rulings of this Court, and therefore the order entered sustaining the motion dated April 16, 1938, was clearly erroneous. It was nothing more than a collateral attack on the judgment entered some twenty months prior thereto and the motion should have been denied. Several terms of court had been held after the entry of the judgment and prior to the entry of the order vacating the judgment.

The respondent's answer or return to the alternative writ, as disclosed by the record, was legally insufficient and failed to constitute a defense and the relator's motion to strike the same should have by the lower court been granted. The judg-

ment appealed from is hereby reversed for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.