86 So.2d 156 (1956)
CAPITOL INDEMNITY INSURANCE COMPANY, a corporation, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida. En Banc.
March 14, 1956.
P. Donald DeHoff, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
We here consider the constitutionality vel non of Section 903.28, Fla. Stat. 1953, F.S.A., providing for the entry of judgment on a forfeited bail bond without notice to the surety. Pertinent provisions of the statute are as follows:
"* * * The prosecuting attorney shall file a certified copy of the order of the court or judge forfeiting the same, in the office of the clerk of the circuit court of the county wherein such order shall have been made, and thereupon the judge of the circuit court in said county shall enter judgment against the person bound by the undertaking for the amount of the penalty of said undertaking, and execution shall be issued to collect the amount of said undertaking."
Also pertinent to the problem here presented are the provisions of Sections 903.29 and 903.30, ibid., authorizing the court to set aside the judgment of forfeiture within thirty days "for a reasonable cause shown" and "upon such terms as are just * *" *157 and prescribing the procedure for remission of the forfeiture.
It is the contention of appellant, a surety company against whom a judgment of forfeiture of a bail bond has been entered under the above-quoted statute, that the entry of judgment against it without notice and an opportunity to present its defenses was a denial of the due process of law guaranteed by Section 12 of the Declaration of Rights of our Constitution, F.S.A., and that the provisions for a remission of the forfeiture made by Sections 903.29 and 903.30 are inadequate protection, since the 30-day period during which it can apply for a remission of the forfeiture may expire without its having had notice of the judgment entry.
This question has not heretofore been presented to this court. In other jurisdictions, such statutes appear to have been uniformly upheld in all cases wherein their constitutionality was attacked. Cf. Gildersleeve v. People, 10 Barb., N.Y., 35; People v. Lott, 21 Barb., N.Y., 130; People v. Quigg, 59 N.Y. 83; People v. Cowan, 146 N.Y. 348, 41 N.E. 26; Lang v. People, 14 Mich. 439; Risser v. Hoyt, 53 Mich. 185, 18 N.W. 611; Isgrig v. United States, 4 Cir., 109 F.2d 131; People v. Hodges, 205 Cal. 476, 271 P. 897.
In the Isgrig case, the court said [109 F.2d 133]:
"A final judgment entered against a bondsman on forfeiture of the bond cannot be said to be lacking in due process for lack of notice to the bondsman; for the bondsman makes himself a party to the cause by filing the bond as a part of the record therein, and it is a fiction of the common law that the surety is personally in attendance upon the court whenever the accused, by order of the court, is bound to appear personally."
This court has, however, upheld the validity of what is now Section 55.35, Fla. Stat. 1953, F.S.A., providing for the entry of summary judgment on forthcoming bonds filed to release property from forced sale in execution proceedings, as against the contention that the statute was "unconstitutional in allowing the entering up of judgment forthwith ex parte against the sureties thereon without any trial thereon and without giving them a chance to be heard in court." Archibald v. Donald, 1929, 98 Fla. 698, 124 So. 175. The court said that "By executing and filing such bond, the sureties accepted the terms of the statute above quoted as a part of their contract and agreement and, by causing the bond to be filed in the cause then pending, they voluntarily made themselves parties to such cause and brought themselves within the jurisdiction of the court for the purpose of the application of the statute in this regard." Accord: State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So.2d 324. We have also held valid the statute (now Section 78.19, Fla. Stat. 1953, F.S.A.) authorizing the entry of judgment on a forthcoming bond in a replevin suit without notice to the surety. Evans v. Kloeppel, 72 Fla. 267, 73 So. 180; Fariss v. Holly, 95 Fla. 360, 116 So. 763. In the Evans case the court, speaking through Mr. Justice Ellis, said [72 Fla. 267, 73 So. 187]: "The great weight of authority is to the effect that the surety by signing the undertaking becomes a quasi party to the suit and is held to have notice of all the proceedings thereafter in the suit that may affect his liability on the undertaking."
There can be no doubt that the surety on an appearance bond in a criminal case becomes a "quasi party" in the cause. Our constitutional and statutory provisions relating to release on bail in criminal cases were designed to secure to an accused person the right to be in the custody of a friendly jailer of his own choice rather than in the cold and uncomfortable atmosphere of a prison cell. As stated in 6 Am.Jur., (Rev.) Bail, Sec. 6, p. 61, the object of bail in a criminal case "is to relieve the accused of imprisonment, and the state of the burden of keeping him, pending the trial, and at the same time, to put the accused as much under *158 the power of the court as if he were in custody of the proper officer, and to secure the appearance of the accused so as to answer the call of the court and do what the law may require of him." The "dominion" of the surety over the person under bail is "a continuance of the original imprisonment." Register v. Barton, Fla. 1954, 75 So.2d 187, 188. By executing an appearance bond, the surety voluntarily assumes the technical custody of the accused person and the responsibility of making sure that such person appears to answer the charge against him. This is the primary undertaking of the surety; and the purpose of the provision for the payment of a penal sum if the surety fails in this undertaking is, as in the case of all penalties, to secure the performance of the principal obligation  in this case "`to secure the presence of the principal before the court for the purpose of public justice'", Varholy v. Sweat, 153 Fla. 571, 15 So.2d 267, 270, and only incidentally to fatten the public coffers. Thus, the very nature of the obligation assumed by the surety is such that it should not be heard to complain that it has not had its "day in court" when it fails to produce the prisoner in court at the appointed time or legally excuse the default and when, by the express terms of its undertaking, it is "bound" to pay the penal sum specified therein upon such failure  particularly where, as here, provision for the remission of the forfeiture is expressly made by the statute, Section 903.29, supra.
In any event the surety in the instant case, appellant here, cannot be heard to complain of lack of due process, since the language of the court in Archibald v. Donald, supra, 124 So. 175, above quoted, would seem to be equally as appropriate to a judgment of forfeiture of an appearance bond as to a judgment of forfeiture of a forthcoming bond in execution proceedings.
The other questions presented have been carefully considered, and no reversible error has been found.
For the reasons stated, the order appealed from should be and it is hereby
Affirmed.
DREW, C.J., and TERRELL, THOMAS, HOBSON, THORNAL and O'CONNELL, JJ., concur.