CROSS, Judge
(dissenting):
I respectfully dissent.
As noted in the majority opinion, Kis-lak’s motion to vacate the foreclosure sale was filed on September 24, 1969. The trial court’s order of September 25 provided that all further action on the matter was to be stayed “pending a final disposition of Plaintiff’s Motion.” The thrust of the majority’s reasoning is that the court’s order of October 2, 1969, denying Kislak’s motion, was not a “final disposition” of the motion, and that the certificate of sale and certificate of title which were issued by the clerk of the court on October 3 were invalid, the issuance being contrary to the September 25 order.
An examination of the order of October 2 leaves no doubt that it was a final disposition of Kislak’s motion to vacate. The order was final in form, and by denying the motion it determined the rights of the parties and disposed of the cause on its merits. Cf. Bancroft v. Allen, 1939, 138 Fla. 841, 190 So. 885; Fariss v. Holly, 1928, 95 Fla. 360, 116 So. 763. Kippy Corporation v. Colburn, Fla.1965, 177 So.2d 193, cited by the majority, does not stand for the proposition that an order is not “final” until the time for filing a motion for rehearing expires, or until such a motion if filed is disposed of. The court there sue- *603 cinctly set forth its determinations at 177 So.2d 199:
“We here decide that: (1) a trial court has no authority to modify, amend or vacate a final order, except in the manner and within the time provided by rule or statute; and (2) that an order staying performance and execution of a final order does not in itself prevent a final order from becoming absolute and, therefore, does not, during the life of the stay order, empower the trial court to vacate its earlier final order or enter a new one in its stead.” (Emphasis added.)
Kippy Corporation v. Colburn, supra, concerned the jurisdiction of a trial court to vacate or amend final orders, and did not determine that an order is not final until the 10-day period allowed by rule 1.530, F. R.C.P., 31 F.S.A., for the filing of a motion for rehearing had expired.
The issuance of the certificates of sale and of title therefore was done pursuant to a “final determination” of Kislak’s motion, and was subsequently approved by the trial court. The trial court could have validly concluded that such issuance was authorized, and that under the rule set forth in Rosen v. Hunter, Fla.App.1969, 227 So.2d 689, the Roberts’ right of equitable redemption had passed.
The mortgagor and mortgagee are in reality here trying a second time to persuade this court to relieve them of the consequences of the failure of Kislak’s attorneys to attend the sale of the property in question. Undoubtedly, this can be done when equity so demands. However, the Roberts slumbered on their right of redemption for 14 months after a default judgment had been entered against them in the original foreclosure action, and for almost a year after the certificate of title had been issued. Under the circumstances set forth above, the appellants have not carried their burden of demonstrating error in the denial of the motion for tender. No error having been made to appear, I would affirm the order.