402 So.2d 1316 (1981)
F. Lawrence WOODS, Appellant,
v.
LUBY CHEVROLET, INC. and Precision Engine Company, a Division of Kool-Woods Engine Corp., Appellees.
No. 80-2048.
District Court of Appeal of Florida, Fourth District.
August 19, 1981.
Rehearing Denied September 24, 1981.
*1317 Robert J. Hunt of Bond, Schoeneck & King, Fort Lauderdale, for appellant.
John D. Kehoe of Noreiga, Chopp & Schatz, Miami, for appellees.
HERSEY, Judge.
By this appeal, appellant challenges the trial court's exercise of jurisdiction over him and its interpretation of a stipulation for settlement.
In December 1979, appellee Luby Chevrolet, Inc. sued Precision Engine Company for damages resulting from Precision's failure to pay for goods sold and delivered to it by Luby Chevrolet.
Prior to trial, Luby and Precision entered into a stipulation for settlement. In the stipulation, Precision admitted that it was indebted to Luby. The parties then agreed that a final judgment in favor of Luby should be entered but that the issuance of a writ of execution should be withheld pending Precision's performance of the stipulation. The terms to be preformed by Precision are paraphrased as follows:
1) As collateral security for its agreement to pay Luby, Precision was to deliver an endorsed (in blank) original Certificate of Title for a certain boat hull, free and clear of all encumbrances.
2) Precision agreed to use its best efforts to sell the boat hull on or before August 15, 1980 and pay Luby an amount equal to the entire indebtedness at which time title to the hull would be redelivered to Precision for delivery to the purchaser.
3) In the event the boat hull was sold for less than the amount of indebtedness, Precision's principal, appellant Larry Woods, agreed to pay any deficiencies.
4) If the boat hull was not sold by August 15, 1980, Precision agreed to pay a sum equal to 25% of the total amount due to Luby on August 15, 1980; 25% on September 15, 1980; 25% on October 15, 1980 and the balance on November 15, 1980.
5) If Precision failed to meet any of the above described payments within 10 days of the date specified, then Luby could, at its option, liquidate the collateral security or obtain a Writ of Execution for the full amount owed.
The stipulation was signed by appellant Woods as president of Precision Engine Company and in his individual capacity.
The certificate of title to the boat hull was never delivered and none of the payments required by the terms of the stipulation were made. Accordingly, the trial court, pursuant to Luby's request, entered final judgment against Precision and appellant Woods, individually, jointly and severally for the full amount owed. Thereafter, appellant Woods entered a special appearance and filed a motion for rehearing and to vacate final judgment.
Although a rehearing was granted, the trial court declined to vacate the final judgment. Rather, it determined that since there was no sale of the boat hull, the deficiency was the total amount of the original judgment and, under the stipulation, Woods was individually responsible for that deficiency.
Appellant Woods first asserts that the trial court never acquired jurisdiction over him because he was not a party defendant in the original action and never received service of process.
While service of process is ordinarily essential to in personam jurisdiction, a court may obtain jurisdiction over an individual or entity by consent. That consent need not always be specifically expressed. For example, by executing and filing a bond in a pending action the sureties voluntarily bring themselves within the jurisdiction of the court. Archibald v. Donald, 98 Fla. 698, 124 So. 175 (1929). Similarly, a person who executes a stipulation for settlement which is filed with and ratified by the trial court, as in the instant case, voluntarily submits himself to the jurisdiction of that court. Thus, the trial court acquired *1318 and properly exercised jurisdiction over appellant.
Appellant Woods also contends that the trial court erroneously construed the "deficiency" paragraph of the stipulation which states:
If said boat hull is sold for an amount less than the total sum due to Plaintiff [Luby Chevrolet] then the Defendant and Defendant's principle [sic], Larry Woods, hereby agrees [sic] to pay any such deficiencies to Plaintiff along with the proceeds of said sale and Plaintiff shall redeliver the Certificate of Title of said boat.
According to appellant, this provision becomes operative only if the boat hull is actually sold for a price less than the amount owed. We agree. It is clear that, under the language of the stipulation, appellant obligated himself individually only to pay the deficiency, if any, resulting from a sale of the boat hull. It matters not that there was no attempt by Precision to comply with the terms of the stipulation. Appellant's liability was not predicated upon such action. Rather, his liability was contingent upon a sale of the boat hull, an event that never occurred.
Accordingly, we vacate that portion of the final judgment imposing liability upon appellant Woods and affirm the final judgment as modified.
MODIFIED AND, AS MODIFIED, AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.