995 So.2d 601 (2008)
STATE of Florida, Appellant,
v.
D.A.G., a Child, Appellee.
No. 1D08-0538.
District Court of Appeal of Florida, First District.
November 17, 2008.
Bill McCollum, Attorney General, Heather Flanagan Ross and Donna G. Thurston, Assistant Attorneys General, Tallahassee, for Appellant.
Nancy A. Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellee.
PER CURIAM.
The state seeks review of a final order vacating an order of disposition adjudicating appellee a delinquent child entered some eight and a half years before the Florida Rule of Juvenile Procedure 8.140(a)(4) motion seeking to have it vacated was filed. Rule 8.140(b) requires that all motions of the type filed by appellee except those claiming that the order or judgment sought to be vacated is void be filed within one year after the order or judgment was entered. The trial court based its conclusion that the disposition order was void on its determination that *602 "the Court failed to make the requisite inquiry pursuant to Rule 8.080 Florida Rule of Juvenile Procedure" prior to accepting appellee's plea. Our supreme court has told us that "[i]t is well settled that where a court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities or wrongdoing in proceedings, short of illegal deprivation of opportunity to be heard, will not render the judgment void." Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990) (citing State ex rel. Fulton Bag & Cotton Mills v. Burnside, 153 Fla. 599, 15 So.2d 324 (1943)). Here, there is no suggestion that the court entering the order of disposition in 1999 was not legally organized or lacked subject matter jurisdiction; nor is there anything to suggest that appellee was illegally deprived of an opportunity to be heard before the order was entered. Accordingly, while appellee's plea might have been "void" for purposes of Florida Rule of Juvenile Procedure 8.080(f) had he demonstrated prejudice (which he failed to do because he did not claim that he would not have entered a plea had he been properly questioned), for purposes of rule 8.140(a) the disposition order is merely "voidable," rather than "void." As such, appellee's motion had to be filed within one year of the date on which the disposition order was entered. Because it was filed some seven and a half years too late, it was untimely and should have been denied. The trial court's order granting the motion and vacating the disposition order is, accordingly, reversed.
REVERSED.
KAHN, WEBSTER, and VAN NORTWICK, JJ., concur.