DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

—————————————————

CLERK OF THE COURT AND COMPTROLLER FOR THE
13TH JUDICIAL CIRCUIT, HILLSBOROUGH COUNTY, FLORIDA,

Appellant,

v.

ANGIE RANGEL; EFRAIN RUIZ-DIAZ; and STATE OF FLORIDA,

Appellees.

No. 2D2024-1772
—————————————————

March 6, 2026

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Hillsborough County; G. Gregory Green, Judge.

Kristen M. Fiore and Nancy Mason Wallace of Akerman LLP, Tallahassee;
and Shelby K. Russ of Hillsborough County Clerk of Court and
Comptroller, Tampa, for Appellant.

J. Tony Lopez of Taino Law Group, Tampa, for Appellee Angie Rangel.

No appearance for remaining Appellees.

SILBERMAN, Judge.

The Clerk of the Court and Comptroller for the 13th Judicial
Circuit, Hillsborough County, Florida, appeals the order granting Angie
Rangel's (the Depositor) motion to set aside a final judgment of forfeiture
and the subsequent denial of the Clerk's motion to vacate that order.  We
affirm.

On August 12, 2023, the Depositor posted four cash bonds on behalf of Efrain Ruiz Diaz, the defendant in a criminal proceeding. Diaz failed to appear for court on October 19, 2023. The Clerk forfeited the cash bonds on October 20, 2023, "having provided notice pursuant to Section 903.26, Fla. Statutes." On December 19, 2023, sixty days later, the Depositor filed her motion to set aside the final judgment of forfeiture. Citing section 903.26(5)(b), Florida Statutes (2023), the Depositor argued that the forfeiture should be discharged because Diaz had been deported. The Clerk argued against discharge, contending that section 903.286 controls, not section 903.26, and that the forfeiture was proper. After hearing argument, the trial court entered the order granting the motion to set aside the final judgment of forfeiture pursuant to section 903.26.

The Clerk then filed a motion to vacate the order pursuant to Florida Rule of Civil Procedure 1.540(b)(4), which was subsequently denied. This appeal follows. The Clerk raises several arguments, none of which warrant reversal. We address two of those arguments: whether the Clerk was entitled to relief under rule 1.540(b)(4) because no authority permitted discharge of the cash bonds thereby rendering the discharge order void and whether the trial court lost jurisdiction to rule on the motion to discharge because it was not considered and decided within sixty days of the date of forfeiture of the bonds.

Rule 1.540(b)(4) allows a court to relieve a party from a void judgment, decree, or order. Generally, we review an order denying a rule 1.540(b)(4) motion for an abuse of discretion, but a trial court lacks discretion to refuse to vacate a void judgment, decree, or order. *See Jamuna Petroleum, Inc. v. Conklin*, 391 So. 3d 627, 631 (Fla. 2d DCA 2024) (quoting *Deluca v. King*, 197 So. 3d 74, 75 (Fla. 2d DCA 2016)). "A

judgment is void when it is entered by a court lacking jurisdiction over the subject matter of the case or jurisdiction over the person of the defendant or where there is a violation of due process." *State Farm Mut. Auto. Ins. Co. v. Statsick*, 231 So. 3d 528, 531 (Fla. 2d DCA 2017). Where a court "has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard as required by law, errors or irregularities, or even wrongdoing in the proceedings, short of an illegal deprivation of an opportunity to be heard, will not render the judgment void." *State ex rel. Fulton Bag & Cotton Mills v. Burnside*, 15 So. 2d 324, 326 (Fla. 1943); *Nationwide Ins. Co. of Am. v. Auto Glass Am., LLC*, 424 So. 3d 988, 991 (Fla. 2d DCA 2025) (citing *Burnside*).

The Clerk argues that the trial court improperly relied on section 903.26 to order discharge of the forfeiture because, in the Clerk's view, that statute does not apply to cash bonds. The Clerk contends that section 903.286 is the controlling statute and that the court, by ordering discharge under section 903.26, essentially directed the Clerk to ignore its mandatory ministerial statutory duties under section 903.286. The Clerk argues that the order granted relief that is not contemplated or authorized by the statutory scheme.

By its terms, section 903.26 specifically applies to forfeiture of bonds and discharge of such forfeitures. It provides that a bail bond forfeiture shall be discharged within sixty days upon "[a] determination that, at the time of the required appearance or within [sixty] days after the date of the required appearance, the defendant . . . was deported." § 903.26(5)(b). This section does not make a distinction between a bond posted by a surety and a bond posted in cash by or on behalf of a defendant.

3

Section 903.286 is titled "Return of cash bond; requirement to withhold unpaid fines, fees, court costs; cash bond forms."  The text of the statute does not address discharge of a forfeited cash bond; instead, it addresses, in pertinent part, amounts that are to be withheld from the return of a cash bond for costs, fees, and criminal penalties.  Nothing in the text precludes discharge of the forfeiture of a cash bond or precludes the return of the balance of the bond once the requisite amounts are withheld by the clerk as provided for in the statute.

The Clerk also contends that the trial court lacked jurisdiction to rule on the Depositor's motion to set aside the forfeiture because the court did not hear and rule on the motion within sixty days, as provided for in section 903.26.  Diaz was scheduled to appear before the court on October 19, 2023.  The Clerk filed its notices of forfeiture on October 20, 2023, and the Depositor filed its motion to set aside the forfeiture on December 19, 2023, sixty days later.  On June 26, 2024, the court issued its order setting aside the forfeiture.

The Clerk did not raise this jurisdictional argument in the trial court.  On appeal, the Clerk relies on two cases as supporting authority. In one, the Third District stated that forfeiture had to be discharged within the then applicable thirty-five-day time frame set forth in section 903.26(5), Florida Statutes (1995), and that the time frame could not be extended for purposes of filing a motion to discharge the forfeiture.  *Cnty. Bonding Agency v. State*, 724 So. 2d 131, 132 (Fla. 3d DCA 1998).  The case dealt with a bonding company's late payment of the forfeiture amount after having obtained extensions of time to do so and then seeking discharge of the forfeiture after the defendant was arrested. However, the decision turned on the appellate court's determination that extensions of time were not legally permissible.  *Id.*  In *Frontier Insurance*

4

*Co. v. State*, 760 So. 2d 299, 299 (Fla. 3d DCA 2000), the court held that the trial court lacked jurisdiction to hear a surety's motion to set aside the forfeiture because it was not timely brought before the court. These cases do not discuss subject matter jurisdiction versus case or procedural jurisdiction and do not indicate whether jurisdictional objections had been raised in the trial courts.

The Clerk frames this issue as one of subject matter jurisdiction. "Jurisdiction of the subject-matter does not mean jurisdiction of the particular case but of the class of cases to which the particular case belongs, and does not depend upon the sufficiency of the pleadings nor the rightfulness of the decision." *Malone v. Meres*, 109 So. 677, 685 (Fla. 1926). Unlike subject matter jurisdiction, "case jurisdiction is waivable, and . . . a party seeking to raise the issue must timely object to the trial court's lack of case jurisdiction, or waive the objection." *JJJTB, Inc. v. Schmidt*, 415 So. 3d 129, 131 (Fla. 2025).

Section 903.26 addresses a trial court's obligation to grant discharge of a forfeiture in appropriate circumstances within sixty days of the forfeiture. But it does not contain language eliminating a court's subject matter jurisdiction to consider a timely, pending motion for discharge when the court fails to rule on the motion within sixty days of forfeiture. Under these circumstances, and in light of the statutory language, we conclude that the timing issue falls within the category of case jurisdiction. As such, when the Clerk filed a response to the Depositor's motion for discharge, the Clerk was obligated to raise this jurisdictional issue to avoid waiving it. Moreover, the Clerk later filed a motion to vacate the order setting aside the forfeiture, again failing to raise this jurisdictional issue to the trial court. By failing to raise the issue on both occasions, the Clerk has waived its objection. *See JJJTB,*

5

*Inc.,* 415 So. 3d at 133 (holding that a party's "failure to timely object to the trial court's lack of case jurisdiction resulted in a waiver of the issue" for which appellate relief is not available).

Accordingly, we affirm the trial court's order granting the Depositor's motion to set aside the final judgment of forfeiture and the subsequent denial of the Clerk's motion to vacate the order.

Affirmed.

LUCAS, C.J., and VILLANTI, J., Concur.

_____

Opinion subject to revision prior to official publication.